OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, and a new trial ordered.
Defendant was convicted of two counts of robbery in the first degree and two counts of robbery in the second degree. The jury commenced deliberations at 12:40 p.m. on April 18, 1982, and rendered its guilty verdicts approximately 24 hours later, on April 19, 1982. On the first day of deliberations, the jury expressed to the court their inability to reach a verdict and advised the court that a single juror was unconvinced of defendant’s guilt. Upon the repeated urgings of the trial court, however, the jury continued deliberations until 12:35 a.m., at which time they were sequestered. On April 19, 1982, prior to the resumption of deliberations, the jury forwarded two notes *746 to the court. One note indicated that further deliberations would be fruitless since the jurors were physically and mentally exhausted. The other note, sent by the lone dissenting juror, stated: "I have my doubts concerning the accuracy of the identification of the defendant as being the perpetrator”. In response, the court stated: "I am going to ask you again, as I asked you yesterday, that if there is a dissenting juror in this case he should consider whether his doubt is a reasonable doubt since it is not concurred in by the majority of jurors who I think are equally as intelligent, equally observant, come from equal backgrounds as that juror. I tell you right now that deliberations in this case will continue until such time when I decide that they should not continue. I believe that there is a chance of reaching a verdict in the case.” Recognizing that the court repeatedly stressed the desirability of reaching a verdict by means of supplemental charges, singled out the dissenting juror by its comments, and suggested that the jury would continue deliberations until the court decided that said deliberations should be terminated, we hold that the conduct of the court represented improper coercion of the jury to agree upon a verdict (cf. People v Pagan, 45 NY2d 725, 727; see, Matter of Plummer v Rothwax, 63 NY2d 243, 250). Accordingly, a new trial should be ordered.
Chief Judge Wachtlek and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur in memorandum.
Order reversed, etc.