■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY AUSTIN, Appellant.—Judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered on March 16, 1988, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees and sentencing him as a second felony offender to concurrent terms of imprisonment of from 6 to 12 years and 3½ to 7 years, is unanimously affirmed.

On June 28, 1986, defendant struck the complainant in the head with a gun, causing her to fall to the ground unconscious, after which he kicked and stomped her. During jury deliberations, the court received a jury note stating that all the jurors, except one, had reached agreement. Counsel requested that the court declare a mistrial and argued that no *Allen* charge should be delivered. The court, however, gave supplemental instructions urging the jurors to exchange ideas and try to reach agreement. After the jury resumed deliberations, the court was again notified that one juror was not agreeing to a verdict. A note from the "hold-out" juror revealed that he was speculating about matters not in evidence. After the court instructed the jury that they must decide the case on the evidence or lack of evidence already presented, the jury returned a guilty verdict.

Defendant claims for the first time on this appeal that the court's *Allen* charge was coercive, thereby denying him a fair trial. Defendant failed to preserve his challenge to the court's *Allen* charge on the specific grounds asserted on this appeal (CPL 470.05 [2]; *People v Balls,* 69 NY2d 641). However, were we to review in the interest of justice, we would not find the charge coercive, unbalanced, or that it singled out the hold-out juror for noncompliance with the majority *(compare, People v Pagan,* 45 NY2d 725, *with People v Diaz,* 66 NY2d 744).

In addition, defendant argues that he was improperly adjudicated a second felony offender based on his previous North Carolina conviction of attempted common-law robbery. However, the elements of common-law robbery, as defined by North Carolina case law, are equivalent to the elements of class D felonies in New York: attempted robbery in the third

degree and grand larceny in the second degree (Penal Law §§ 110.00, 160.05, 155.40; *State v Norris,* 264 NC 470, 141 SE2d 869; *State v Sawyer,* 224 NC 61, 29 SE2d 34). Therefore, appellant was properly adjudicated a second felony offender and resentencing is not required *(People v Gonzalez,* 61 NY2d 586). Concur—Kupferman, J. P., Ross, Kassal, Ellerin and Wallach, JJ.