■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ORZEL, Appellant. [596 NYS2d 556] —Levine, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered February 28, 1992, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree.

In October 1990, the Broome County District Attorney's office received information through a confidential informant that defendant and several associates were dealing in cocaine.

Upon an oral application, the District Attorney obtained court orders, each entitled "subpoena duces tecum", for New York Telephone Company records of subscriber information and toll calls with respect to two specifically identified telephone numbers listed in defendant's name. Based in part upon the information obtained from the telephone company pursuant to those orders, the District Attorney subsequently obtained eavesdropping warrants authorizing the interception of communications over several telephones, including one of the two telephone numbers described in the prior order which was located in defendant's premises in the City of Binghamton. The conversations seized pursuant to the eavesdropping warrants in turn formed the basis for the issuance of search warrants for defendant's person, automobiles and premises, as well as those of his girlfriend and other associates. The search warrants were executed and yielded quantities of cocaine and other controlled substances.

Defendant and various codefendants were indicted in June 1991. Defendant moved to suppress the eavesdropping and search warrant evidence. County Court directed the suppression of evidence obtained pursuant to an eavesdropping warrant for the telephone at defendant's place of business, but denied suppression in all other respects. Defendant then pleaded guilty to two felony possession counts of the four counts of the indictment against him, pursuant to a plea bargain under which he was to be sentenced to a prison term of 4 to 12 years.

Defendant's first point on appeal is that the subpoenas duces tecum for telephone records were illegally issued and, therefore, the evidence and information obtained pursuant to them should have been suppressed. We agree with defendant that the issuance of the subpoenas, when no court or Grand Jury proceeding was pending concerning defendant and which directed that the documentary evidence sought was to be turned over to a police agency rather than the court, lacked statutory or other authority, and we do not encourage this practice (cf., People v Natal, 75 NY2d 379, 385-386, cert denied 498 US 862). Nonetheless, it is well settled that defendant lacks standing to object to the seizure of telephone company records pursuant to any such unauthorized subpoenas, having no possessory or proprietary interest in or legitimate expectation of privacy respecting the contents of records maintained by a telephone company (see, People v Di Raffaele, 55 NY2d 234, 241-242; see also, People v Bialostok, 80 NY2d 738, 744).

Similarly unavailing is defendant's contention that the

eavesdropping evidence should have been suppressed because the notice of a warrant and interceptions required by CPL 700.50 was given to defendant's attorney rather than directly to defendant. Defendant has not claimed that he did not receive timely actual notice through his attorney, and such actual notice is sufficient compliance with the statutory mandate to withstand imposition of the sanction of suppression (see, People v Bialostok, supra, at 747). We have examined defendant's remaining points, including his claim that the sentence imposed was excessive, and find that they are also without merit.

Mikoll, J. P., Crew III, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Broome County for further proceedings pursuant to CPL 460.50 (5).