■ The People of the State of New York, Respondent, v Luis Nunez, Appellant. [683 NYS2d 231] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered January 18, 1996, convicting defendant, after a jury trial, of attempted murder in the second degree, and sentencing him, as a second felony offender, to a term of 7½ to 15 years, unanimously reversed, on the law, and the matter remanded for a new trial.

Defendant contends that the court's *Allen* charge (*Allen v United States*, 164 US 492) was unbalanced and improperly coercive. The communications between the deliberating jury and the court reflect an almost immediate difficulty in reaching a consensus. On the first day of deliberations, the jury requested reinstruction on the charge of attempted murder in the second degree. Early on the second day, the jurors sent a note to the court stating that they were deadlocked 10 to 2 on the murder charge. The court, noting that the jurors had deliberated only about two hours the previous day and perhaps half an hour that morning, urged them to attempt to reach a unanimous verdict. That afternoon, the court received two more

notes. In one, juror number three asked to be removed from the case because "a certain juror is being unreasonable." Some 15 minutes later, another note was received in which the jurors wanted to know if they could simply rule on the second count of assault in the second degree if unable to reach a unanimous verdict on the first count. In response, the court suggested that the reluctant juror reexamine his position, without changing "the dictates of his conscience just to go along with the other eleven and go home." In a fifth note, the jury requested instruction with respect to the necessity of an intent to cause death. No objection was taken to the court's instructions in response to any of these questions.

It is the final communication between the court and the jury that forms the basis of this appeal. The sixth note stated, "We the jury find ourselves hopelessly deadlocked on both counts, attempted murder in the second degree and assault in the second degree." While acknowledging the "terrible disagreement in the jury room" the court told the jurors, "The case will not go away. It will have to be retried again starting all over with another jury from scratch." The court added that "we put too much effort into it to let it go like this, and I'm not going to let it go, very frankly". The court concluded by noting that, after its instruction to the jurors in response to the previous note, "you went back upstairs and five minutes later you send me a note you're hopelessly deadlocked, so that means that somebody upstairs said 'The hell with that. I don't care what the Judge said.' That's not right. It isn't fair to each one of you who put so much time and effort into it, so you must go back upstairs and continue your deliberations."

After the jury left the courtroom, defense counsel excepted on the grounds that the court omitted to charge the jurors that they should search their consciences to determine if their disagreement was based on reason; that the court improperly focused on the circumstance that, in counsel's words, "somebody is obviously not participating in the deliberations [sic] process"; and that the court erred in informing the jury that defendant would have to be retried if they could not reach a verdict. Counsel protested that "the tone of the instruction was, in all due respect, one of almost scolding the holdout." Within the hour, the jury returned a verdict convicting defendant of attempted murder in the second degree.

A fair reading of the charge supports defendant's contention that it was improperly coercive and failed to stress the importance of reaching a verdict without requiring that any juror surrender a conscientious belief (*People v Ali*, 65 AD2d

513, 514 [citing *United States v Robinson*, 560 F2d 507, 517], *affd* 47 NY2d 920). The jurors could only have interpreted the court's instructions as a directive to render a verdict. Furthermore, it is apparent that the court's comments were improperly directed at the holdout juror (*People v Diaz*, 66 NY2d 744). Concur—Milonas, J. P., Ellerin, Rubin, Tom and Saxe, JJ.