■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES MOYE, Appellant. [717 NYS2d 265] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered October 6, 1998, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant allegedly sold cocaine to an undercover police officer in Suffolk County. In connection with that alleged sale he was charged with criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree and convicted on both counts.

During the deliberations, the jurors first requested a readback of the law and the specific elements of each crime, and

later questioned whether they could consider the attorneys' opening and closing arguments in determining whether the People had proven their case beyond a reasonable doubt. The jury then sent a third note to the Supreme Court. The note referred to the elements of each count and indicated that the jurors all agreed that the elements were established but that one juror was voting not guilty because the People did not prove the case beyond a reasonable doubt. The note contained the summary "[g]uilty, eleven. One not guilty, state did not prove case beyond a reasonable doubt."

In response, the Supreme Court gave a supplemental charge indicating that the jury must follow the law as the Supreme Court explained it. The Supreme Court then stated "[i]t appears to me that one of the jurors is not following my instruction on the law and I'll tell you why; because after I explained the elements of each of the counts, I said that if you find that the People have proven each of those elements beyond a reasonable doubt, then you must find the defendant guilty."

The jury foreperson clarified that the dissenting juror felt that there was not proof beyond a reasonable doubt unless they went beyond the People's direct case. The Supreme Court responded, "[w]ell, then, who ever that juror then is not following my instruction" and then again properly explained the reasonable doubt standard. The Supreme Court then denied the defendant's motion for a mistrial.

The defendant contends that the Supreme Court's comments constituted reversible error since they singled out a dissenting juror and in effect directed that the jury reach a verdict of guilty. We agree.

A fair reading of the Supreme Court's comments supports the defendant's contention that they were improperly coercive and failed to stress the importance of reaching a verdict without requiring that any juror surrender a conscientious belief (*see, People v Nunez,* 256 AD2d 192; *People v Ali,* 65 AD2d 513, *affd* 47 NY2d 920). The dissenting juror could only have interpreted the instructions as a directive to reach a verdict of guilty. Furthermore, it is apparent that the Supreme Court's comments were improperly directed at the dissenting juror (*see, People v Diaz,* 66 NY2d 744; *People v Nunez, supra*). Accordingly, a new trial is ordered. Mangano, P. J., Luciano, Feuerstein and Schmidt, JJ., concur.