(November 8, 2001)

The People of the State of New York, Respondent, v Kevin MacGilfrey, Appellant. [733 NYS2d 254] —Mugglin, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 19, 1999, upon a verdict convicting defendant of the crimes of sodomy in the third degree (two counts), rape in the third degree (two counts) and endangering the welfare of a child.

During the course of their investigation of the crimes at issue herein, the police, to corroborate the victim's statement, obtained a Grand Jury subpoena duces tecum requiring Time-Warner Cable to produce its records, concerning defendant's residence for the month of August 1997, before the Albany County Grand Jury on April 14, 1998. The evidence obtained was not presented to this Grand Jury, but to one later empaneled in June 1998. Apparently having learned that defendant was late in returning rented cable boxes to Time-Warner, two police investigators from the Town of Colonie, Albany County, went to defendant's home on the evening of April 26, 1998 and

asked him to bring the boxes to the police department. It was not until defendant arrived that the police advised him that they wished to question him concerning the crimes of which he was eventually convicted. Without administering *Miranda* warnings, the police questioned defendant for at least five hours before defendant left and returned to his home. Information learned by the police—although it is not clear if they had the actual records—was used during the questioning of defendant on April 26, 1998 concerning the victim's claim that defendant ordered a pay-per-view pornographic movie on August 28, 1997, the night that she stated she was first raped and sodomized by defendant. Defendant denied having any sexual relations with the victim.

These factors form the basis for defendant's arguments that the Time-Warner evidence should have been suppressed as it was produced pursuant to an illegally obtained subpoena and any statements made by defendant should be suppressed because information obtained as a result of the illegal subpoena was used to question defendant. Additionally, defendant claims that any statements should be suppressed because, after he had been tricked and deceived by the police into coming to the police station, he was subjected to custodial interrogation without having been given *Miranda* warnings.

We first address defendant's argument concerning the legality of the Grand Jury subpoena duces tecum. While a District Attorney is legally authorized to issue a subpoena duces tecum compelling witnesses to produce evidence before a Grand Jury (*see*, CPL 610.20 [2]), here, we agree with defendant that the Time-Warner records were improperly obtained through the use of such a subpoena since no Grand Jury proceeding concerning defendant was pending before the March 1998 Albany County Grand Jury and the records were possessed by the police without statutory authority (*see*, *People v Natal*, 75 NY2d 379, 385, *cert denied* 498 US 862; *People v Orzel*, 192 AD2d 818, 819; CPL 610.25 [1]). Nevertheless, County Court properly refused to suppress the Time-Warner records since defendant lacks standing with respect thereto, having no possessory or proprietary interest in such records (*see*, *People v Di Raffaele*, 55 NY2d 234, 242; *People v Orzel, supra*, at 819). Therefore, obtaining such records provides no basis upon which to suppress any statement made by defendant.

With respect to defendant's claim that his statements should have been suppressed, County Court found that defendant was not in custody and that his statements were admissible despite the absence of *Miranda* warnings. Such factual findings are

entitled to great weight and will not be disturbed unless clearly erroneous (*see, People v Gagliardi*, 232 AD2d 879, 880). First, the use by police of trickery and deceit in obtaining a statement from a defendant does not render the statement inadmissible unless police conduct is so fundamentally unfair as to impinge upon the defendant's right of due process (*see, People v Tarsia*, 50 NY2d 1, 10; CPL 60.45 [2]). Here, although defendant's presence at the police station was obtained through police misrepresentation of their intention, the record reveals that defendant was not under arrest, he drove himself to the police station, he was free to leave at any time—although not informed specifically of this possibility—and he drove himself home after the questioning ceased. Moreover, there is a complete absence in this record of any fact which would suggest that any statement made by defendant resulted from the trickery and deceit employed by the police in obtaining his presence at the police station. We therefore discern no infringement of defendant's rights to due process resulting from police conduct.

On this record we also reject defendant's allegation that the interview was custodial. Whether a person is in police custody sufficient to require *Miranda* warnings depends upon the totality of the circumstances then present, viewed from the perspective of "what a reasonable man, innocent of any crime, would have thought had he been in the defendant's position" (*People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851). We believe that the record amply supports County Court's conclusion that defendant was not in custody. He was not under arrest, was not handcuffed, came to and left the police station on his own and, while free to leave at any time, discussed with the police the topic of inquiry. The length of the interview, standing alone, is not indicative of custody (*see, id.*, at 588-590).

Lastly, County Court's imposition of consecutive 2 to 4-year prison sentences on both rape convictions and both sodomy convictions and its concurrent one-year sentence for the conviction of endangering the welfare of a child prompts defendant's claim that the sentence imposed is unduly harsh and excessive. First, the sentence imposed falls within the permissible sentencing parameters and, under such circumstances, will not normally be disturbed on appeal unless a clear abuse of discretion or extraordinary circumstances exist warranting modification (*see, People v Spencer*, 272 AD2d 682, 685, *lv denied* 95 NY2d 858). We do not view the lack of any prior convictions for sex crimes as such an extraordinary circumstance. Also, where acts of "sexual intercourse" and "deviate sexual intercourse"

occur, within a continuous criminal sexual incident, the crimes may be consecutively sentenced because the material elements of rape and sodomy are distinct and require separate, discrete acts (*see, People v Laureano*, 87 NY2d 640, 643; *People v May*, 263 AD2d 215, 221, *lv denied* 94 NY2d 950). Thus, defendant's sentence is neither harsh nor excessive.

Cardona, P. J., Crew III, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.