(October 31, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS P. LUSSIER, Appellant. [749 NYS2d 323] —Carpinello, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered February 11, 1999, upon a verdict convicting defendant of the crimes of rape in the third degree and sodomy in the third degree.

Defendant was charged with a number of sex-related offenses as the result of his relationship with a 15-year-old girl. In a statement to a child protective services caseworker, defendant admitted having sexual relations with the girl numerous times over a one-year period. Upon his arrest, defendant stated that these relations were consensual and that he intended to marry the girl. Defendant's motion to suppress the statements was denied and, after trial, he was convicted of rape in the third degree and sodomy in the third degree. He was sentenced to consecutive indeterminate prison terms of 2 to 4 years and now appeals.

Initially, we find no merit to defendant's argument that his statement to the caseworker should have been suppressed. At the request of a State Trooper, defendant voluntarily came to the police station where he was questioned by the caseworker and, after signing his written statement, he was transported back to his home. Considering the relevant factors (*see People v Hardy*, 223 AD2d 839, 840), we conclude that the record fully supports County Court's finding that defendant was not in custody when he made the incriminating statement (*see People v MacGilfrey*, 288 AD2d 554, 556, *lv denied* 97 NY2d 757). Also

unavailing is defendant's reliance on the fact that the case-worker, who was found by County Court to be acting as an agent of the police, advised defendant that she was attempting to determine what the victim's mother knew about the relationship. "Mere deception by the police is not alone sufficient to render a confession inadmissible unless accompanied by a promise or threat that could induce a false confession. Such police stratagems do not compel a conclusion of involuntariness unless there is a showing that the deception was 'so fundamentally unfair as to deny due process' " (*People v Jordan*, 193 AD2d 890, 892, *lv denied* 82 NY2d 756, quoting *People v Tarsia*, 50 NY2d 1, 11 [citations omitted]). There was neither any threat or promise nor any deception that was so fundamentally unfair as to deprive defendant of due process (*see People v Henson*, 263 AD2d 550, 551, *lv denied* 93 NY2d 1044; *People v Dickson*, 260 AD2d 931, 932, *lv denied* 93 NY2d 1017).

Defendant next contends that he was denied the effective assistance of counsel because his trial counsel concentrated in summation on the first two counts of the indictment and did not discuss the rape or sodomy counts on which he was ultimately convicted. In light of defendant's admissions and other evidence, including a videotape, the People's proof of defendant's guilt of the rape and sodomy counts was overwhelming. Therefore, trial counsel cannot be faulted for focusing on the counts of the indictment which were based on an alleged sexual performance by a child, thereby obtaining an acquittal of those more serious charges. The circumstances of this case, "viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147). Moreover, in light of the overwhelming proof of defendant's guilt of the rape and sodomy charges, defendant was not prejudiced by the claimed deficiency in trial counsel's strategy (*see People v Duell*, 266 AD2d 649, 650, *lv denied* 94 NY2d 918; *People v Jackson*, 172 AD2d 874, 875, *lv denied* 78 NY2d 923).

We also reject defendant's contention that County Court erred in its supplemental instructions to the jury. During the course of the jury's deliberations, the court responded to several requests for clarification of the various counts of the indictment. The court thereafter accepted a partial verdict of not guilty on the first two counts and gave an *Allen* charge (*Allen v United States*, 164 US 492) with regard to the remaining two counts on which the jury was unable to reach a verdict. Additional instructions were given when the jury again indicated an inability to reach a verdict on the two remaining

counts. Ultimately, the jury indicated that all jurors were in agreement that the elements of both crimes had been proven beyond a reasonable doubt, but that one juror was unwilling to cast a guilty vote because defendant's relationship with the victim was condoned by the victim's family and friends. In response, the court again admonished the jury, and the unidentified lone dissenting juror in particular, with regard to the oath taken as jurors.

Relying on *People v Diaz* (66 NY2d 744), defendant contends that the last of the supplemental charges was impermissibly coercive. In contrast to *Diaz*, the dissenting juror in this case did not express any doubt with regard to the sufficiency of the proof of defendant's guilt. In fact, the dissenting juror agreed with the other jurors that all of the elements of the crimes had been proven beyond a reasonable doubt. Thus, the supplemental instruction appropriately encouraged the jurors to adhere to their oaths to apply the law (*see People v Pagan*, 45 NY2d 725, 727) and "did not seek to coerce a particular juror into accepting a particular view of the facts" (*People v Page*, 47 NY2d 968, 970).

Lastly, we reject defendant's claim that consecutive sentences were not permitted because the rape and sodomy counts were parts of a single criminal transaction. "[W]here acts of 'sexual intercourse' and 'deviate sexual intercourse' occur, within a continuous criminal sexual incident, the crimes may be consecutively sentenced because the material elements of rape and sodomy are distinct and require separate, discrete acts" (*People v MacGilfrey*, 288 AD2d 554, 556-557, *supra*).

Mercure, J.P., Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.