■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES MOYE, Appellant. [772 NYS2d 352]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered June 11, 2001, convicting him of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree, upon a jury verdict, and sentencing him, as a second felony offender, to indeterminate terms of imprisonment of 6 to 12 years on each count, to run concurrently, and imposing a mandatory surcharge and crime victim assistance fee of $210.

Ordered that the judgment is modified, on the law, by reducing the sentence imposed from indeterminate terms of imprisonment of 6 to 12 years on each count to indeterminate terms of imprisonment of 5 to 10 years on each count, to run concurrently, and by reducing the mandatory surcharge and crime victim assistance fee imposed from $210 to $155; as so modified, the judgment is affirmed.

The defendant was initially sentenced, as a second felony offender, to concurrent indeterminate terms of imprisonment of 5

to 10 years on his conviction of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree, following a jury trial. On appeal, this Court reversed the judgment of conviction and ordered a new trial after the Supreme Court improperly directed its comments toward a dissenting juror during a supplemental charge to the jury (*see People v Moye,* 278 AD2d 251 [2000]). Following retrial, the defendant was sentenced, as a second felony offender, to concurrent indeterminate terms of imprisonment of 6 to 12 years on each count. The defendant now contends that the Supreme Court improperly imposed an enhanced sentence after his retrial. We agree.

A presumption of vindictiveness generally arises where a defendant takes a successful appeal and receives, after retrial, a sentence greater than that imposed after the initial conviction (*see North Carolina v Pearce,* 395 US 711 [1969]). However, the presumption is successfully rebutted where the enhanced sentence is "based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding" which affirmatively appears on the record (*North Carolina v Pearce, supra* at 726; *see People v Young,* 94 NY2d 171 [1999]; *People v Miller,* 65 NY2d 502, 507-508 [1985], *cert denied* 474 US 951 [1985]). Here, the record is devoid of any objective information concerning the defendant's conduct after the original sentencing proceeding which justified the imposition of an enhanced sentence.

Further, the Supreme Court erred in imposing a mandatory surcharge and crime victim assistance fee of $210, since Penal Law § 60.35 required a mandatory surcharge and crime victim assistance fee of $155 at the time the criminal acts underlying the instant convictions were committed (*see* Penal Law § 60.35; *People v Bethea,* 133 AD2d 836 [1987]).

The defendant's remaining contentions are without merit. Ritter, J.P., Krausman, Townes and Cozier, JJ., concur.