■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YGORD BELIARD, Appellant. [956 NYS2d 234]—

Garry, J.

Initially, defendant argues that the charges against him were improperly consolidated with those against Joseph as they involved two different victims and thus did not constitute "the same criminal transaction" (CPL 200.40 [1] [c]; *see* CPL 40.10 [2]; 200.40 [2]). In this regard, the People contended that defendant and Joseph met the two victims on the street and lured them together to Joseph's apartment, where, in the same place and at the same time, defendant assaulted the victim while Joseph assaulted the younger victim. The accounts given by the victims of these events and the aftermath were largely identical. Even if defendant—whose trial counsel conceded that the charges were "technically joinable" while opposing consolidation on other grounds—had preserved this claim, we would have found that the alleged conduct of defendant and Joseph was "so closely related and connected in point of time and circumstance of commission as to constitute" the same criminal transaction for consolidation purposes (CPL 40.10 [2]; *see People v Vogel*, 216 AD2d 857, 857 [1995], *lv denied* 86 NY2d 804 [1995]; *People v Ramjit*, 203 AD2d 488, 490 [1994], *lv denied* 84 NY2d 831 [1994]).

Defendant further claims that the consolidation violated his right to confront witnesses as enunciated in *Crawford v Washington* (541 US 36 [2004]) and *Bruton v United States* (391 US 123 [1968]) in that a redacted statement made by Joseph to police was admitted at the joint trial, where Joseph did not testify. This argument is unpreserved, as it was neither raised in opposition to the application to consolidate nor in objecting to the introduction of Joseph's statement (*see People v Jenkins*, 93 AD3d 861, 861 [2012], *lv denied* 19 NY3d 962 [2012]; *People v Serrano*, 256 AD2d 175, 176 [1998], *lv denied* 93 NY2d 878 [1999]). In any event, no modification is warranted as there was no *Crawford* or *Bruton* violation; Joseph's statement named Val as the second man involved in the crimes, did not mention de-

fendant and implicated him only when linked with other evidence at trial (see *People v Pagan*, 87 AD3d 1181, 1183-1185 [2011], *lv denied* 18 NY3d 885 [2012]; *compare People v Hardy*, 4 NY3d 192, 198-199 [2005]; *People v Pinto*, 56 AD3d 956, 958 [2008]).

Next, we reject defendant's contention that County Court abused its discretion during the *Wade* hearing by preventing his counsel from inquiring into the victim's initial identification of Val as her attacker in a photo array that she viewed shortly after the attack. The victim later told police that she had been mistaken and identified defendant in a different photo array. "[T]he purpose of a *Wade* hearing is not to determine whether there are inconsistent identifications nor to obtain more fodder for cross-examination . . . [but] to examine police procedures surrounding an out-of-court identification of the defendant for a taint of suggestiveness" (*Lynn v Bliden*, 443 F3d 238, 249 [2d Cir 2006], *cert denied* 549 US 1257 [2007] [internal quotation marks omitted]; *see People v Chipp*, 75 NY2d 327, 335-336 [1990], *cert denied* 498 US 833 [1990]). The first photo array did not include a picture of defendant and no claim was made that it was otherwise unduly suggestive; the mere fact that the victim viewed successive arrays did not taint the procedure in which she ultimately identified defendant (*compare People v McKinley*, 283 AD2d 777, 777-778 [2001], *lv denied* 97 NY2d 731 [2002]; *People v Lee*, 207 AD2d 953, 953 [1994], *lv denied* 85 NY2d 864 [1995]). Moreover, defense counsel was permitted to inquire into any interactions between police and the victim that might have influenced her determination that her first identification had been mistaken or her subsequent identification of defendant; in this regard, the investigator who conducted the identifications testified that no such suggestive interactions took place. Under these circumstances, the initial misidentification was of limited relevance, and the court did not abuse its "broad discretion" in limiting cross-examination on this issue (*People v Roussopoulos*, 261 AD2d 559, 559 [1999], *lv denied* 93 NY2d 978 [1999]).*

Defendant next contends that his convictions were contrary to the weight of the evidence. Where, as here, acquittals would not have been unreasonable, this Court "must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Romero*, 7 NY3d 633, 643 [2006] [internal quotation marks and citations

---

* The victim was fully cross-examined at trial about the initial misidentification.

omitted]; *accord People v Shepherd*, 83 AD3d 1298, 1298 [2011], *lv denied* 17 NY3d 809 [2011]). Although the verdict acquitting defendant of several charges suggests that the jury did not credit some of the victim's claims, it was entitled to "accept some of [her] testimony while rejecting other portions of it" (*People v Wagner*, 72 AD3d 1196, 1197 [2010], *lv denied* 15 NY3d 779 [2010]; *see People v Kuykendall*, 43 AD3d 493, 495 [2007], *lv denied* 9 NY3d 1007 [2007]). The jury evidently chose to credit the victim's account of defendant's sexual contact with her, which included the elements of the crimes of which he was ultimately convicted; further, her testimony was corroborated in part by the findings of a sexual assault nurse examiner who found, among other things, defendant's blood on the victim's pants and indicia that she had engaged in sexual intercourse. Deferring to the jury's credibility assessments, we find no reason to disturb the convictions (*see People v Simonetta*, 94 AD3d 1242, 1244 [2012], *lv denied* 19 NY3d 1029 [2012]; *People v Beauharnois*, 64 AD3d 996, 998-999 [2009], *lv denied* 13 NY3d 834 [2009]; *People v Bush*, 14 AD3d 804, 804-805 [2005], *lv denied* 4 NY3d 852 [2005]).

County Court did not err in directing defendant's sentences for the rape and attempted sodomy convictions to run consecutively, as the elements of these crimes "are distinct and require separate, discrete acts" (*People v MacGilfrey*, 288 AD2d 554, 557 [2001], *lv denied* 97 NY2d 757 [2002]; *accord People v Lussier*, 298 AD2d 763, 765 [2002], *lv denied* 99 NY2d 630 [2003]). Despite defendant's lack of prior criminal history, we find no abuse of discretion or extraordinary circumstances in the court's imposition of the maximum permissible sentences in view of the exploitative nature of his crimes and their impact on his young victim (*see People v Lanfair*, 18 AD3d 1032, 1034 [2005], *lv denied* 5 NY3d 790 [2005]; *People v MacGilfrey*, 288 AD2d at 556-557). Defendant's remaining contention has been examined and found to be without merit.

Peters, P.J., Rose, Spain and McCarthy, JJ., concur. Ordered that the judgment is affirmed.

