■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

RAYMOND A. MILLER, Appellant. [602 NYS2d 272] —Judgment unanimously affirmed. Memorandum: Defendant was charged in a multiple count indictment with criminally victimizing his young daughter and was convicted after a nonjury trial of 13 counts of rape in the second degree and 14 counts of rape in the third degree. The proof at trial largely consisted of the conflicting testimony of defendant and his daughter. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620; *People v Kennedy,* 47 NY2d 196),* we conclude that the verdict is supported by legally sufficient evidence. Moreover, the court, as fact-finder, accorded proper weight to the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). The court's determination that the daughter's testimony was more credible than that of defendant is entitled to great deference *(see, People v Bleakley, supra,* at 495) and is fully supported by the record.

There is no merit to defendant's contention that the indictment violated CPL 200.50 (6), which requires "[a] statement in each count that the offense charged therein was committed * * * during a designated period of time". The indictment charged defendant with having sexual intercourse with his daughter once every month from April 1986 through June 1988. The daughter was a minor at the time of the occurrences and was able to relate only a continuing and regular pattern of defendant's criminal conduct, conduct that was not susceptible to precise recollection. Nevertheless, defendant was provided with adequate notice sufficient to enable him to prepare a defense. "In addition, the indictment contains such other particularity so as to provide defendant with the means of preventing a subsequent prosecution for the same charge" *(People v Morris,* 61 NY2d 290, 297; *see also, People v Watt,* 81 NY2d 772).

Also without merit is the contention that the court erred in accepting defendant's waiver of the right to a jury trial. Defendant sought the waiver of a jury to require the Trial Judge, who had also presided over a Family Court proceeding arising from the same conduct, to recuse himself. In that, he succeeded. A court may reject a waiver when it is used in an attempt to gain an impermissible advantage (CPL 320.10 [2]; *People v Ahalt,* 170 AD2d 982, *lv denied* 78 NY2d 953; *People v Firestone,* 111 AD2d 696, 699, *lv denied* 65 NY2d 927), but the CPL did not preclude the court from accepting defendant's waiver.

Finally, in light of the heinous nature of defendant's crimes,

the sentence is neither harsh nor excessive. (Appeal from Judgment of Herkimer County Court, Auser, J.—Rape, 2nd Degree.) Present—Callahan, J. P., Green, Lawton, Boomer and Boehm, JJ.