THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS EBERLE, Appellant. [697 NYS2d 218] —Judgment unanimously reversed on the law, motion to suppress granted in part and indictment dismissed without prejudice to the People to re-present any appropriate charges under count two of the indictment to another Grand Jury in accordance with the following Memorandum: Defendant contends that County Court erred in permitting the People's medical expert to render an opinion that the cause of death of the infant victim was "homicidal suffocation" and thus that reversal is required. We agree. The People's expert testified that there were no medical findings to explain the death of the infant. She further testified that the results of the autopsy equally supported two possible causes of death, i.e., suffocation and Sudden Infant Death Syndrome (SIDS). The expert opined, however, that the cause of the infant's death was "homicidal suffocation". She also stated that her opinion that the death was caused by homicidal suffocation rather than SIDS was not based on medical evidence but rather was based on her review of statements by defendant and other individuals.

Expert testimony is admissible where the conclusions drawn from the facts depend on professional or scientific knowledge that is not within the ken of the ordinary juror (*see, People v Cronin*, 60 NY2d 430, 432). Moreover, an expert opinion is generally required to establish the cause or connection between a defendant's actions and an individual's death (*see, People v McCart*, 157 AD2d 194, 197, *lv denied* 76 NY2d 861). Here, the opinion of the People's expert was not based on professional or medical knowledge but rather was based on inferences and conclusions drawn from various statements presented to her by the police. It is, however, for the jury to determine whether to credit such statements and to determine the inferences to be drawn therefrom (*see, People v McCovery*, 254 AD2d 751, *lv denied* 92 NY2d 1051). Moreover, the expert's statement that the infant died from "homicidal" suffocation improperly states a conclusion regarding defendant's intent. Because the jury was able to comprehend the issues and evaluate the evidence, the expert's opinion, which intruded on the province of the jury to draw inferences and conclusions from that evidence, was improperly admitted (*see, People v McCart, supra*, at 197-198).

We also agree with defendant that reversal is required based on the court's failure to grant his suppression motion to the extent that it sought to exclude defendant's statements made to investigators from the District Attorney's office and the mother of the infant. The record establishes that, when those statements were made, defendant was incarcerated in a ward for prisoners at the Central New York Psychiatric Center (CNYPC) on a pending sodomy indictment on which he was represented by counsel. On October 3, 1994, while defendant was in custody at CNYPC, investigators from the District Attorney's office questioned defendant concerning his involvement in the death of the infant victim. Because defendant was represented on the charge for which he was being held in custody, the investigators' interrogation of defendant in the absence of counsel on any subject related or unrelated to the formal representation violated his right to counsel (*see, People v Burdo*, 91 NY2d 146, 149-151; *People v Rogers*, 48 NY2d 167, 169).

Similarly, the statements by defendant to the infant's mother while he was in custody at CNYPC on September 21, 1994 and October 3, 1994 were obtained in violation of his right to counsel. While defendant was in custody at CNYPC, the police approached the infant's mother and requested that she visit defendant and speak to him concerning his involvement in the death of the infant. The police also requested that she wear a

microphone so that her conversation with defendant could be recorded. She complied with those requests and visited defendant on September 21, 1994. Because the police solicited the aid of the infant's mother and advised her of the information she was to seek from defendant, she was acting as an agent of the police on that date (*see, People v Cardona*, 41 NY2d 333, 335; *cf., People v Restivo*, 210 AD2d 964, 965, *lv denied* 85 NY2d 942). Similarly, the record establishes that the infant's mother acted as an agent for the police when she called defendant on October 3, 1994. Before that call defendant told one of the officers at CNYPC that he wished to talk to the infant's mother. Upon receiving that information, an investigator from the District Attorney's office contacted the infant's mother and set up a call between her and defendant. The investigator conveyed to the infant's mother the information she should attempt to obtain from defendant and taped the conversation. Because the police were more than passive recipients of information obtained in that conversation, the infant's mother again acted as their agent. Because the right to counsel applies with respect to individuals acting as police agents (*see, People v Hobson*, 39 NY2d 479, 481), defendant's statements to the infant's mother must be suppressed (*see, People v Burdo, supra; People v Rogers, supra*).

We note in addition that the court abused its discretion in its *Sandoval* ruling, which permitted the People to introduce in evidence the heinous aspects of defendant's prior sodomy conviction (*see, People v Bennette*, 56 NY2d 142, 147-149; *cf., People v Edmunds*, 166 AD2d 273, 274, *lv denied* 77 NY2d 905). We have reviewed defendant's remaining contentions and conclude that they are without merit.

Consequently, we reverse the judgment of conviction and grant defendant's suppression motion in part. Because defendant was indicted for two counts of murder in the second degree (Penal Law § 125.25 [1], [2]) but was convicted of the lesser included offense of criminally negligent homicide under count two of the indictment, the indictment must be dismissed without prejudice to the People to re-present any appropriate charges under count two of the indictment to another Grand Jury (*see, People v Gonzalez*, 61 NY2d 633, 635; *People v Jackson*, 167 AD2d 893, 894). (Appeal from Judgment of Oneida County Court, Kirk, J.—Criminally Negligent Homicide.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Balio, JJ.