OPINION OF THE COURT
Frank J. LaBuda, J.
The defendant is charged with arson in the second degree *485 (Penal Law § 150.15) for the December 31, 1999 11:55 p.m. arson of his apartment in a multiple-family apartment house on State Route 97 in the Town of Delaware, County of Sullivan, State of New York. Pursuant to the defendant’s omnibus motion, this court held a Sandoval hearing wherein the People seek to cross-examine the defendant with prior 1994 convictions for attempted rape in the first degree and attempted sexual abuse in the first degree occurring at the defendant’s former residence. The defendant argues that the prior convictions ought to be suppressed pursuant to People v Eberle (265 AD2d 881) as it would be an abuse of the court’s discretion in permitting inquiry into the defendant’s prior convictions of attempted sexual abuse in the first degree and attempted rape in the first degree and the underlying facts.
Although admittedly sexual abuse crimes are by their very nature emotional, it does not mean that their convictions are not probative of one’s credibility. The Fourth Department’s concern in Eberle was “that the court abused its discretion in its Sandoval ruling, which permitted the People to introduce in evidence the heinous aspects of the defendant’s prior sodomy conviction” (supra, at 883 [emphasis supplied]). This court in balancing the probative value of the defendant’s prior convictions against the potential for prejudice arising out of crimes of sexual violence will limit the People’s use of the prior convictions for Sandoval credibility purposes as follows:
The People may cross-examine the defendant with respect to the fact that he has prior 1994 convictions for attempted rape in the first degree and attempted sexual abuse in the first degree and will preclude the People from introducing in evidence the particularly heinous aspects of the defendant’s prior convictions. However, the People will be able to cross-examine the defendant with respect to the fact that his convictions arise from the attempted sexual intercourse with a female person by forcible compulsion and attempted sexual abuse by forcible compulsion on a female person at his former residence.
As noted by the Court of Appeals in People v Bennette (56 NY2d 142 [1982]): “Initially we recognize, as we have in the past, that evidence of the defendant’s criminal record necessarily presents some risk of prejudice to his case [citations omitted] * * * [e]ven when, as here, the prior crime is essentially different in nature from the offense charged the defendant may be prejudiced if the jury views him as a person worthy of punishment because of his past record (People v Davis, 44 *486 NY2d 269, 274).” Given the potentially inflammatory impact of the specifically heinous conduct of attempted rape in the first degree and attempted sexual abuse in the first degree, the court will limit the prosecution’s use of the convictions but not deny prosecution’s inquiry into relevant and probative matters of credibility which would otherwise prejudice the prosecution and the fact-finding process of denying the jury access to probative evidence of the defendant’s credibility. As in Bennette (supra), the defendant’s credibility is an important issue at this trial. Crucial to the People’s case is the oral and written admissions made to New York State Police , investigators and a New York State polygraph expert. The defendant, claiming among other things that his Miranda rights were violated, that he was compelled by duress to make a statement and that he did not in fact make the incriminating statements as alleged by several State Police investigators, is necessarily putting his credibility in direct issue. The defendant’s sexual convictions are not irrelevant to the question of his veracity. However, the convictions clearly indicate a willingness or disposition by the defendant to voluntarily place “advancement of his individual self-interest ahead of principle or of the interests of society” and thus “may be relevant to suggest his readiness to do so again on the witness stand” (People v Sandoval, 34 NY2d 371, 377). A person ruthless enough to attempt forcible rape and sexual abuse may well disregard an oath and resort to perjury if he perceives that to be in his self-interest. Additionally, it is noted that this is not a case where the defendant’s credibility was capable of being impeached by the use of other less sensitive incidents. Thus, it is necessary for the prosecution to bring these particular convictions to the jury’s attention bearing on credibility. (See also, People v Conway, 241 AD2d 752 [3d Dept 1997]; People v Lynch, 209 AD2d 827, lv denied 84 NY2d 1034.)
A trial being a search for the truth compels the People to cross-examine the defendant concerning his prior conviction for attempted forcible sexual crimes without the necessity of extensive inquiry into all of the details of the sordid offense which would not be justified and would be unduly prejudicial. This court will permit further questioning of the defendant beyond the title of the offenses for which'he was found guilty for the purpose of determining, at least in general terms, what conduct gave rise to the convictions bearing on his credibility.