■ KEVIN C. McKENNA et al., Appellants, v FORSYTH & FOR-SYTH, KAUFMAN & FORSYTH et al., Respondents. (Appeal No. 3.) [720 NYS2d 434] —Appeal unanimously dismissed without costs (see, Smith v Catholic Med. Ctr., 155 AD2d 435; see also, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Monroe County, Kehoe, J.—Set Aside Verdict.) Present—Pigott, Jr., P. J., Green, Hayes and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVE STROMAN, Appellant. [720 NYS2d 434] —Case held, decision reserved and matter remitted to Cayuga County Court for further proceedings in accordance with the following Memorandum: We agree with defendant that County Court erred in denying his motion for a Huntley hearing with respect to statements made by defendant to the victim in a tape recorded telephone call placed by the victim from the police station. Defendant contends that his statements were involuntary pursuant to CPL 60.45 (2) (b) (i) because the victim was acting as an agent of the police and the victim made a threat during the conversation that created a risk that defendant would falsely incriminate himself. When a defendant raises "the voluntariness of an admission made to a private person who, it is also claimed, was acting as a police agent, the court should conduct a hearing" (People v Mirenda, 23 NY2d 439, 449; see also, Matter of Luis M., 83 NY2d 226, 230-231). "Private conduct * * * may become so pervaded by governmental involvement that it loses its character as such and invokes the full panoply of constitutional protections" (People v Ray, 65 NY2d 282, 286). Even where it "appears highly unlikely" that the private actor was acting as a police agent, a defendant is entitled to a Huntley hearing in order to develop the facts (People v Mirenda, supra, at 449). A motion to suppress a statement as involuntary need not be supported by sworn allegations of fact (see, CPL 710.20 [3]; 710.60 [3] [b]). Consequently, we hold the case, reserve decision and remit the matter to Cayuga County Court for a Huntley hearing with respect to the statements at issue. (Appeal from Judgment of Cayuga County Court, Corning, J.—Rape, 2nd Degree.) Present—Pigott, Jr., P. J., Pine, Wisner, Scudder and Lawton, JJ.