■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORBERTO J. FELIX-TORRES, Appellant. [721 NYS2d 415] —Rose, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered May 14, 1999, upon a verdict convicting defendant of the crimes of attempted murder in the second degree, criminal use of a firearm in the first degree, assault in the second degree and criminal possession of a weapon in the fourth degree.

Defendant was charged in a six-count indictment with, *inter alia*, attempted murder in the second degree. He requested all *Rosario* material and, in response, the prosecution provided certain materials and advised County Court that it had fully complied. The prosecution also advised that it planned to cross-examine defendant concerning the fact that he is HIV positive. County Court subsequently ruled that no reference to HIV or AIDS would be permitted in the prosecution's direct case, but that the prosecution would be permitted, on cross-examination, to inquire as to whether defendant has a life-threatening disease. County Court further provided that if defendant replied affirmatively, then the prosecution would not be allowed to inquire as to the nature of the disease, but that if defendant replied "No" and there was a good-faith basis for doing so, the prosecution would be permitted to ask if he is HIV positive. At trial, defendant testified that, on the night in question, he had not intended to cause serious physical injury but only to scare the victim. When asked whether he was suffering from a life-threatening disease at the time, defendant replied, "Yes." During the closing, the prosecutor suggested that since defendant suffers from a life-threatening disease and knew it at the time of the assault, he had nothing to lose.

After trial, the jury found defendant guilty of, *inter alia*, attempted murder in the second degree, and County Court sentenced him to concurrent terms of imprisonment, the longest of which was 12½ to 25 years. Defendant then filed two Freedom of Information Law (hereinafter FOIL) requests with the City of Amsterdam Police Department, and received a five-page "New York State Incident Report" and seven other statements that allegedly were not previously disclosed by the prosecution. Contending that County Court erred in ruling that the prosecution could question him regarding whether or not he had a life-threatening disease and that his conviction should be reversed because the prosecution failed to turn over significant *Rosario* material, he now appeals.

On the *Sandoval* issue, we are guided by the principle that "[a] defendant is entitled to have the jury determine his guilt or innocence solely upon evidence tending to prove the crime charged and uninfluenced by irrelevant and prejudicial facts and circumstances" (*People v Cook*, 42 NY2d 204, 208). Here, County Court accepted the prosecution's argument that defendant's life-threatening disease was relevant to whether he intended to commit the crimes charged because that would mean he had nothing to lose by committing them. However, the prosecution presented no evidence that defendant was despondent, hostile or vengeful as a result of his disease, or had reason to believe that he would not live long enough to be punished for his actions. Thus, County Court erred because there was no basis to draw the inference that defendant knew he had nothing to lose and acted on that knowledge. This error was nevertheless harmless because there was ample testimony by the victim and two witnesses that defendant had previously said that he was going to kill the victim. Such evidence is sufficient to establish the requisite intent independent of defendant's medical condition, and thus we do not perceive that this error tainted the verdict (*see, People v Crimmins*, 36 NY2d 230, 242).

However, we are persuaded that defendant was deprived of *Rosario* material by the People's failure to timely disclose the incident report and other statements obtained in response to defendant's FOIL request made after his conviction. Although these are included in the appendix to defendant's brief, the record does not contain the documents disclosed by the prosecution prior to trial. As a result, this Court cannot compare the two sets of materials to determine the extent of the *Rosario* violation and whether defendant was prejudiced by it. A determination is necessary because the "per se" rule established by

the Court of Appeals in *People v Ranghelle* (69 NY2d 56) was legislatively abrogated in the Sexual Assault Reform Act (L 2000, ch 1, § 48, eff Feb. 1, 2001), which added CPL 240.75. The statute provides that a prosecutor's failure to disclose "shall not constitute grounds for any court to * * * reverse, modify or vacate a judgment of conviction in the absence of a showing by the defendant that there is a reasonable possibility that the non-disclosure materially contributed to the result of the trial" (CPL 240.75). As a result, a defendant must first demonstrate actual prejudice arising from the nondisclosure before reversal is mandated. As defendant here had no obligation to demonstrate prejudice when this appeal was taken (*see, People v Giordano*, 274 AD2d 748, 750), we must remit the matter to County Court to afford him an opportunity to do so and permit County Court to then determine whether vacatur of the conviction and a new trial are warranted (*see, People v Young*, 79 NY2d 365).

Crew III, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is withheld and matter remitted to the County Court of Montgomery County for further proceedings not inconsistent with this Court's decision.