◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRON SANCHEZ, Appellant. [729 NYS2d 634] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Rosenzweig, J., at trial and sentence; Erlbaum, J., at hearing), rendered January 5, 1998, convicting him of robbery in the first degree, under Indictment No. 1946/96, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court (Latella, J.), rendered February 11, 1998, convicting him of robbery in the first degree under Indictment No. 3922/96, upon his plea of guilty, and imposing sentence. The appeal under Indictment No. 1946/96 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the appeals are held in abeyance and the matter is remitted to the Supreme Court, Queens County (Erlbaum, J.), to conduct, in accordance herewith, an in camera review of the complaint follow-up reports numbered three and four in the forms relating to the "pattern" of robberies that Detective Heider withheld from among the reports two, five, and six about which he testified at the suppression hearing under Indictment No. 1946/96, and to report its findings to this Court with all deliberate speed.

The record is inadequate to permit appellate review of the nature of the withheld follow-up reports. The defendant claims they may have been *Rosario* documents (*see, People v Rosario,*

9 NY2d 286, *cert denied* 368 US 866). They may even constitute *Brady* material (*see, Brady v Maryland,* 373 US 83), a claim not made by the defendant. As the court did with follow-up report numbered two, which had been redacted, the court should have reviewed in camera reports numbered three and four as well.

The Supreme Court shall conduct this in camera review and report its results with all deliberate speed. At this time we decide no other issue, including the effect, if any, of a finding that the reports, or either of them, are *Rosario* material (*see,* CPL 240.75; *People v Sorbello,* 285 AD2d 88 [decided herewith]; *People v Felix-Torres,* 281 AD2d 649). Santucci, J. P., Goldstein, H. Miller and Crane, JJ., concur.