■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVE STROMAN, Appellant. [730 NYS2d 612] —Judgment unanimously affirmed. Memorandum: Defendant and three of his sons were indicted by a 310-count indictment charging each with multiple acts of rape, sex abuse, incest and endangering the welfare of a child. In August 1997 the victim, who was defendant's adopted daughter, disclosed the abuse to the police. She was asked to make a telephone call to defendant that the police would tape-record. Defendant made *inculpatory state-*

ments during that conversation. County Court denied defendant's motion for a *Huntley* hearing to challenge the voluntariness of those statements (*see,* CPL 60.45 [2] [b]), and defendant was ultimately convicted of all charges following a jury trial.

On appeal from the judgment of conviction, defendant contended that the court erred in denying his motion for a *Huntley* hearing. We agreed, held the case, reserved decision and remitted the matter to Cayuga County Court for a *Huntley* hearing with respect to the statements at issue (*People v Stroman,* 280 AD2d 887; *see,* CPL 60.45 [2] [b] [i]).

Following the *Huntley* hearing, the court found that the victim was not acting as an agent of the police and did not make a threat that would create a substantial risk that defendant might falsely incriminate himself. We agree with defendant that the court erred in finding that the victim was not acting as an agent of the police. The investigator asked the victim to call defendant (*cf., People v Hauswirth,* 89 AD2d 357, 360, *affd* 60 NY2d 904; *People v Duerr,* 251 AD2d 161, 162, *lv denied* 92 NY2d 949; *People v Henriquez,* 214 AD2d 485, *lv denied* 86 NY2d 873); the telephone call was "set up" by the police rather than defendant (*People v Eberle,* 265 AD2d 881, 883; *cf., People v Lewis,* 273 AD2d 254, 255); and the investigator instructed the victim to discuss the allegations (*see, People v Eberle, supra,* at 883). Thus, there was "a clear connection" between the police and the victim; the telephone call was completed "at the instigation of the police"; the police exercised "close supervision" of the telephone call; and the telephone call was "undertaken on behalf of the police to further a police objective" (*People v Ray,* 65 NY2d 282, 286).

The court properly found, however, that the victim did not make a threat that would create a substantial risk that defendant might falsely incriminate himself. During the conversation, the victim stated that, if she did not tell somebody what defendant was doing to her, she was "going to do something." Although defendant's response to that statement is inaudible, defendant informed the court at the *Huntley* hearing that he had responded by asking the victim whether she meant that she was going to kill herself. The victim's response on the tape recording was "no." Thus, because the victim did not threaten suicide, we see no basis to disturb the court's finding that the statement of the victim that she was "going to do something" did not create a risk that defendant might falsely incriminate himself (*see generally, People v Prochilo,* 41 NY2d 759, 761; *People v Orso,* 270 AD2d 947, *lv denied* 95 NY2d 856).

Defendant failed to preserve for our review his contention

that the court erred in failing to charge the jury on the issue of the voluntariness of his statements to the victim (*see, People v Maddox*, 198 AD2d 804, *lv denied* 82 NY2d 898; *People v Conway*, 186 AD2d 1050, 1051, *lv denied* 81 NY2d 761), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]; *People v Maddox, supra*).

We reject the contention of defendant that he was denied an audibility hearing with respect to the tape recording. Here, the court listened to the tape recording three times and found that "it fairly and accurately depict[ed] what was said between the parties." There is no requirement that defendant or his counsel be present when the court listens to a tape recording to determine its audibility (*see, People v Rivera*, 94 NY2d 908, 910; *see also, People v Stokes [Jack]*, 198 AD2d 847, *lv denied* 83 NY2d 810, *vacated on other grounds* 234 AD2d 1013). Thus, we conclude that defendant was not denied an audibility hearing, and we see no basis to disturb the court's determination with respect to the audibility of the recording.

We further reject the contention of defendant that the court erred in denying his motion to dismiss the indictment for lack of specificity. The indictment charged defendant with offenses over designated time periods of one month each and provided him with "adequate notice sufficient to enable him to prepare a defense" (*People v Miller*, 197 AD2d 925, 926, *lv denied* 83 NY2d 807; *see, People v Morris*, 61 NY2d 290, 295). Here, as in *People v Miller* (*supra*, at 926), "[t]he daughter was a minor at the time of the occurrences and was able to relate only a continuing and regular pattern of defendant's criminal conduct, conduct that was not susceptible to precise recollection." Although the age of the victim and its relationship to the victim's ability to specify dates are relevant factors, other surrounding circumstances may also be taken into account in determining whether more specific dates could have been obtained (*People v Morris, supra*, at 295). We conclude that the indictment was sufficiently specific. The fact that the People did not provide further particularization in the bill of particulars is of no moment. "While a bill of particulars may be of assistance 'in some instances' (*People v Morris,* [*supra*, at 292]), an indictment may be reasonably precise notwithstanding the absence of a bill of particulars so long as the indictment sets forth a reasonable and designated period of time" (*People v Benjamin R.*, 103 AD2d 663, 667). We further conclude that the victim's ability to recall specific details concerning three incidents does not render the counts related to other incidents defective for lack of specificity.

Defendant failed to preserve for our review his contention that the indictment was duplicitous (*see, People v Bryan*, 270 AD2d 875, *lv denied* 95 NY2d 904; *People v Thomas*, 267 AD2d 949, *lv denied* 95 NY2d 805), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that he was denied the right to a fair trial by prosecutorial misconduct concerning pretrial publicity. Defendant failed to raise that issue at trial and there is no record of jury selection, and thus "we cannot determine whether counsel was unable to select a fair and impartial jury" (*People v Lawrence*, 186 AD2d 1016, 1017, *lv denied* 81 NY2d 790; *see, People v Parker*, 60 NY2d 714, 715).

Contrary to defendant's contention, the court did not *sua sponte* sever defendant's case from that of the codefendants. The record established that severance was granted based upon defendant's application for severance. We further conclude that the court did not abuse its discretion in limiting the cross-examination of the victim with respect to the abuse committed by the codefendants. The court properly limited that cross-examination pursuant to CPL 60.42. In addition, it is within the court's discretion to limit questioning "not relevant to the issues, but bearing on the credibility of a witness" (*People v Duffy*, 36 NY2d 258, 262, *mot to amend remittitur granted* 36 NY2d 857, *cert denied* 423 US 861; *see, People v Rivera*, 256 AD2d 1098, 1099, *lv denied* 93 NY2d 977). Contrary to the contention of defendant, he was not precluded from cross-examining the victim with respect to prior inconsistent statements. The record establishes that defense counsel chose not to pursue that line of questioning. The court properly denied defendant access to confidential records after conducting an in camera review of those records (*see, People v Gissendanner*, 48 NY2d 543, 547-550). Finally, the sentence is neither unduly harsh nor severe. (Resubmission of Appeal from Judgment of Cayuga County Court, Corning, J.—Rape, 2nd Degree.) Present—Pigott, Jr., P. J., Pine, Wisner, Scudder and Lawton, JJ.