■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRON SANCHEZ, Appellant. [734 NYS2d 851] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Rosenzweig, J., at trial and sentence; Erlbaum, J., at hearing), rendered January 5, 1998, convicting him of robbery in the first degree, under Indictment No. 1946/96, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court (Latella, J.), rendered February 11, 1998, convicting him of robbery in the first degree under Indictment No. 3922/96, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion under Indictment No. 1946/96 which was to suppress identification testimony. By decision and order of this Court dated August 27, 2001, the matter was remitted to the Supreme Court, Queens County, to conduct an in camera review of complaint follow-up reports numbered three and four in the forms relating to the "pattern" of robberies that Detective Heider withheld from the reports about which he testified at the suppression hearing under Indictment No. 1946/96, and to report on the question of whether the reports, or either of them, constituted *Rosario* material, and the appeal was held in abeyance in the interim (*see, People v Sanchez,* 286 AD2d 512). The Supreme Court, Queens County (Erlbaum, J.), has now filed its report.

Ordered that the judgments are affirmed.

We agree with the Supreme Court's finding, after conducting an in camera review, that the withheld complaint follow-up reports did not constitute *Rosario* material because their contents were not related to the subject matter of the witness's testimony (*see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866; *People v James,* 207 AD2d 564; CPL 240.45 [1]). Moreover, the Supreme Court properly denied, without a *Dunaway (Dunaway v New York,* 442 US 200) hearing, that branch of the defendant's omnibus motion which was to suppress identification testimony obtained as a result of his arrest. His motion papers failed to raise a factual issue which required resolution at a hearing (*see,* CPL 710.60; *People v Mendoza,* 82 NY2d 415).

The defendant's remaining contention is without merit. Santucci, J. P., Goldstein, H. Miller and Crane, JJ., concur.