■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP CARTER, Appellant. [749 NYS2d 101] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered August 22, 2000, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), assault in the second degree (two counts), criminal possession of a weapon in the fourth degree (two counts), and criminal possession of stolen property in the fifth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied his constitutional right to represent himself. The exercise of that right requires an unequivocal request (*see People v McIntyre,* 36 NY2d 10,

17), which was lacking in this case. The defendant's requests were equivocal, since they were overshadowed by his numerous requests for new counsel and his disapproval of the trial judge, and thus do not constitute an unequivocal knowing and voluntary election to forego the benefit of an attorney and proceed pro se (*see People v Rainey,* 240 AD2d 682; *People v Jimenez,* 253 AD2d 693).

The trial court properly denied the defendant's request to waive a trial by jury, as that request was used in an attempt to gain an impermissible advantage (*see People ex rel. Rohrlich v Follette,* 20 NY2d 297; *People v Miller,* 197 AD2d 925).

The defendant contends that certain allegedly improper comments made by the prosecutor during summation constituted reversible error. However, the defendant failed to preserve this contention for appellate review. No objections were raised to the majority of the comments in question, while those comments to which objections were registered were followed by curative instructions, subsequent to which the defendant neither asked for further curative instructions nor moved for a mistrial. The defendant thereby indicated that the court sufficiently had cured any error to his satisfaction (*see* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951). In any event, when the remarks complained of are fairly evaluated in comparison with the summation comments of defense counsel, they either constituted fair response to defense counsel's summation or were within the confines of the evidence (*see People v Rosario,* 195 AD2d 577).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80). Smith, J.P., Schmidt, Adams and Cozier, JJ., concur.