Patterson, J.,
dissents and votes to reverse the judgment of conviction and remand the matter for a new trial in the following memorandum: CPL 240.45 (1) (a) requires the prosecutor to make available to the defendant any written or recorded statement made by a person whom the prosecutor intends to call as a witness at trial, and which relates to the subject matter of the witness’ testimony. The People only produced two pages of a diary written in Turkish by the victim’s mother who testified at trial regarding the alleged incident. The People refused to produce the entire diary. Inasmuch as this case is based solely upon the credibility of the witnesses, I find that the nondisclosure of the entire diary materially contributed to the result of the trial (see People v Delosanto, 300 AD2d 408 [2002]). The broad conclusion by the majority that reversal of the conviction was not warranted presupposes that such a determination could be made without actually reviewing the diary. The record clearly demonstrates that defendant was not given an opportunity to review the entire diary and the court below did not conduct an in camera inspection thereof. The prejudice to defendant requires a new trial (see CPL 240.75). In my opinion, the court below at the very least should have conducted an in camera inspection of the diary to determine the extent to which it contains Rosario material (see People v Sanchez, 286 AD2d 512 [2001]).
Pesce, P.J., and Golia, J., concur; Patterson, J., dissents in a separate memorandum.