■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC LLUVERES, Appellant. [789 NYS2d 371]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered February 4, 2000. The judgment convicted defendant, upon a jury verdict, of manslaughter in

the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the second degree (Penal Law § 125.15 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [4]). Contrary to the contention of defendant, he was not deprived of a fair trial by County Court's justification charge (*see generally* § 35.15). The jurors were instructed to place themselves in the position of defendant to consider how the situation appeared to him and to determine whether his belief about the situation was reasonable under all of the circumstances, and thus, the charge as a whole adequately conveyed the proper standard to the jury (*see People v Goetz*, 68 NY2d 96, 114 [1986]; *see generally People v Adams*, 69 NY2d 805, 806 [1987]; *People v Gittens*, 279 AD2d 291 [2001], *lv denied* 96 NY2d 829 [2001]). In any event, we conclude that there is no "substantial likelihood that an elaboration of the justification charge would have resulted in a contrary verdict" (*People v Norwood*, 133 AD2d 423, 424 [1987]).

We agree with defendant that it was error for the forensic pathologist to testify that the manner of the victim's death was a homicide (*see People v Eberle*, 265 AD2d 881, 881-882 [1999]; *People v Emmick*, 136 AD2d 892, 894 [1988]), but we conclude that the error is harmless (*see People v Burse*, 234 AD2d 950, 951 [1996], *lv denied* 89 NY2d 1033 [1997]; *see generally People v Crimmins*, 36 NY2d 230, 237 [1975]). There was no dispute that the death was a homicide. Defendant acknowledged that he "pulled the trigger" and killed the victim; his theory was that the homicide was justified because he was acting in self-defense. We further agree with defendant, as conceded by the People, that the People improperly delayed turning over *Rosario* material. We conclude, however, that defendant failed to demonstrate substantial prejudice, and thus the court did not abuse its discretion in denying defendant's motion for a mistrial and reversal is not warranted (*see* CPL 240.75; *People v Felix-Torres*, 281 AD2d 649, 651 [2001], *lv dismissed* 97 NY2d 681 [2001]; *People v Goncalves*, 239 AD2d 923 [1997], *lv denied* 91 NY2d 873 [1997]).

Defendant's contention concerning the use of a witness's preliminary hearing testimony during trial is not preserved for our review (*see* CPL 470.05 [2]; *People v Briggs*, 190 AD2d 995, 996-997 [1993], *lv denied* 81 NY2d 1011 [1993]), and we decline to exercise our power to review that contention as a matter of

discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The sentence is not unduly harsh or severe. We have examined defendant's remaining contention and conclude that it is lacking in merit. Present—Green, J.P., Hurlbutt, Scudder, Lawton and Hayes, JJ.