■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESIREE R. BAKER, Appellant. [932 NYS2d 403]—

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Viewing the evidence in light of the elements of the crime of robbery in the first degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict with respect to that count is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to the further contention of defendant, we conclude that County Court properly denied her challenge for cause to a prospective juror. "It is well settled that 'a prospective juror whose statements raise a serious doubt regarding the ability to be impartial must be excused unless the [prospective] juror states unequivocally on the record that he or she can be fair and impartial' " (*People*

*v Odum*, 67 AD3d 1465, 1465 [2009], *lv denied* 14 NY3d 804 [2010], 15 NY3d 755 [2010], *cert denied* 562 US —, 131 S Ct 326 [2010], quoting *People v Chambers*, 97 NY2d 417, 419 [2002]; *see also People v Semper*, 276 AD2d 263 [2000], *lv denied* 96 NY2d 738 [2001]). Even assuming, arguendo, that "the initial statements of the prospective juror raised a serious doubt regarding his ability to be impartial, we conclude that the prospective juror ultimately stated unequivocally that he could be fair" (*People v Brown*, 26 AD3d 885, 886 [2006], *lv denied* 6 NY3d 846 [2006]; *see Chambers*, 97 NY2d at 419). Present— Fahey, J.P., Carni, Sconiers, Gorski and Martoche, JJ.