# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1098

KA 10-01949

PRESENT: FAHEY, J.P., PERADOTTO, CARNI, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

LINDA CAMPANELLA, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered August 11, 2010. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1] [intentional murder]). Viewing the evidence in the light most favorable to the People, we conclude that the evidence is legally sufficient to establish defendant's intent to kill the victim (*see generally People v Bleakley*, 69 NY2d 490, 495). Moreover, viewing the evidence in light of the element of intent as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict with respect to that element is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Contrary to defendant's contention, Supreme Court did not err in permitting the Medical Examiner to testify regarding the victim's cause of death, i.e., that the victim died from complications resulting from a stab wound to the abdomen (*see People v Odell*, 26 AD3d 527, 529, *lv denied* 7 NY3d 760; *People v Klosin*, 281 AD2d 951, 951-952, *lv denied* 96 NY2d 864; *see also People v McCart*, 157 AD2d 194, 197, *lv denied* 76 NY2d 861). "It is axiomatic that expert testimony is admissible where, as here, the conclusions drawn from the facts depend upon professional knowledge not within the ken of the ordinary juror" (*Odell*, 26 AD3d at 529). Indeed, expert medical testimony generally is required to establish that the defendant's conduct was a cause of death (*see People v Eberle*, 265 AD2d 881, 882; *McCart*, 157 AD2d at 197).

Defendant's further contention that the court erred in allowing the Medical Examiner to testify that the victim's death was a homicide is not preserved for our review (*see* CPL 470.05 [2]). In any event, although we note that the People correctly concede that "it was error to allow the [Medical Examiner] to . . . opine that the death was a homicide, since '[s]uch characterization improperly invaded the province of the jury' " (*People v Heath*, 49 AD3d 970, 973, *lv denied* 10 NY3d 959; *see People v Lluveres*, 15 AD3d 848, 849, *lv denied* 5 NY3d 807), we conclude that the error is harmless. The Medical Examiner stated that he was not making a legal determination by characterizing the victim's death as a homicide and added that he used the term "homicide" only to indicate that the victim died at the hands of another person (*see Odell*, 26 AD3d at 529; *cf. Lluveres*, 15 AD3d at 849). Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we also reject defendant's contention that she was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147).

We further conclude that the court properly denied defendant's challenges for cause to two prospective jurors. "It is well settled that a prospective juror whose statements raise a serious doubt regarding the ability to be impartial must be excused unless the [prospective] juror states unequivocally on the record that he or she can be fair and impartial" (*People v Baker*, 89 AD3d 1431, 1431, *lv denied* 18 NY3d 856 [internal quotation marks omitted]; *see People v Chambers*, 97 NY2d 417, 419). We conclude that the first prospective juror at issue, who owned a security business, never expressed any doubt concerning his ability to be fair and impartial (*see People v Odum*, 67 AD3d 1465, 1465, *lv denied* 14 NY3d 804, 15 NY3d 755, *cert denied* ___ US ___, 131 S Ct 326; *People v Smith*, 48 AD3d 489, 489, *lv denied* 10 NY3d 870). We reach the same conclusion with respect to the second prospective juror at issue, who acknowledged having a friend and an acquaintance in law enforcement (*see People v Pickren*, 284 AD2d 727, 727, *lv denied* 96 NY2d 923; *see also People v Colon*, 71 NY2d 410, 418, *cert denied* 487 US 1239). In any event, "[e]ven assuming, arguendo, that the initial statements of the [second] prospective juror raised a serious doubt regarding his ability to be impartial, we conclude that [he] ultimately stated unequivocally that he could be fair" (*Baker*, 89 AD3d at 1432 [internal quotation marks omitted]; *see Chambers*, 97 NY2d at 419). Finally, we conclude that the sentence is not unduly harsh or severe.

Entered:  November 9, 2012                    Frances E. Cafarell
                                             Clerk of the Court