# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1444**
**KA 13-00556**
PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

ERROL FOWLER-GRAHAM, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered November 18, 2011. The judgment convicted defendant, upon a jury verdict, of rape in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law § 130.35 [1]), defendant contends that County Court erred in denying his challenge for cause to a prospective juror. We reject that contention. Pursuant to CPL 270.20 (1) (b), a challenge for cause to a prospective juror may be made "on the ground that . . . he [or she] has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial." Only statements that "cast serious doubt on [a prospective juror's] ability to render an impartial verdict" trigger a court's obligation to obtain an unequivocal assurance from the prospective juror that he or she can render an impartial verdict (*People v Arnold*, 96 NY2d 358, 363; *see People v Harris*, 19 NY3d 679, 685). Here, the prospective juror stated that her daughter had been the victim of a sexual assault, but nothing that she said raised a serious doubt as to her ability to render an impartial verdict (*see People v Campanella*, 100 AD3d 1420, 1421, *lv denied* 20 NY3d 1060; *People v Turner*, 6 AD3d 1190, 1190, *lv denied* 3 NY3d 649). In any event, in responding to follow-up questions from the court and defense counsel, the prospective juror gave an "unequivocal assurance that [she could] set aside any bias and render an impartial verdict based on the evidence" (*People v Johnson*, 94 NY2d 600, 614; *see People v Chambers*, 97 NY2d 417, 419).

Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we

reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Finally, the sentence is not unduly harsh or severe.

Entered:  January 2, 2015                          Frances E. Cafarell
                                                   Clerk of the Court