# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1007

KA 14-00670

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MILES S. MITCHELL, DEFENDANT-APPELLANT.

---

SHIRLEY A. GORMAN, BROCKPORT, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered October 29, 2013. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts), attempted robbery in the first degree, attempted robbery in the second degree and criminal possession of a weapon in the second degree (two counts).

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, two counts of murder in the second degree (Penal Law § 125.25 [1], [3]) and one count of attempted robbery in the first degree (§§ 110.00, 160.15 [4]). Defendant is convicted of acting in concert with two others in the shooting death of the victim, a man the assailants mistakenly believed was having a relationship with the mother of defendant's children. Viewing the evidence in light of the elements of the crime of intentional murder as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Contrary to defendant's contention, Supreme Court's *Molineux* determination does not constitute reversible error. The evidence that, two weeks before the crimes herein were committed, defendant struck the mother of his children and beat a man who was in a car with her was relevant with respect to his motive and intent to harm a person because of his jealousy and anger (*see People v Willsey*, 148 AD2d 764, 765, *lv denied* 74 NY2d 749). We conclude that the prejudicial effect of that testimony did not outweigh its probative value, and that " 'any prejudice to defendant was minimized by [the court's] limiting instructions' " (*People v Carson*, 4 AD3d 805, 806, *lv denied* 2 NY3d 797). Defendant failed to object when the court permitted a witness, the intended victim, to testify that he had received a telephone call

from a person he did not know and thus his contention that the court committed reversible error by admitting that testimony is not preserved for our review (*see* CPL 470.15 [6] [a]).  In any event, we conclude that any error is harmless because the evidence of defendant's guilt is overwhelming, and there is no significant probability that he would have been acquitted in the absence of that testimony (*see generally People v Crimmins*, 36 NY2d 230, 241-242).

We reject defendant's contention that the court erred in denying his challenges for cause with respect to three prospective jurors. With respect to the first prospective juror, the court complied with its obligation to elicit an unequivocal assurance from that prospective juror that he would not draw a negative inference if defendant did not testify (*see People v Williams*, 128 AD3d 1522, 1523, *lv denied* 25 NY3d 1209; *People v Fowler-Graham*, 124 AD3d 1403, 1403-1404, *lv denied* 25 NY3d 1072; *see generally People v Harris*, 19 NY3d 679, 685).  The second prospective juror provided an unequivocal assurance that she understood the burdens of proof, i.e., that defendant had no burden of proof, in response to defense counsel's questions (*see People v Parker*, 304 AD2d 146, 154, *lv denied* 100 NY2d 585; *cf. People v Casillas*, 134 AD3d 1394, 1395-1396).  Finally, the third prospective juror informed the court that his father had been convicted of a sex offense, but he " 'never expressed any doubt concerning [his] ability to be fair and impartial' " (*People v Roseboro*, 124 AD3d 1374, 1375, *lv denied* 27 NY3d 1005).  Furthermore, his "responses were unequivocal despite [his] use of the word 'think' " (*People v Rogers*, 103 AD3d 1150, 1152, *lv denied* 21 NY3d 946).

We agree with defendant, however, that the court erred in failing to reopen the *Huntley* hearing at defense counsel's request with respect to recorded statements that he made to an agent of the police (*see* CPL 60.45 [2] [b] [i], [ii]), i.e., the mother of his children, which were the subject of a protective order until approximately two weeks before trial.  Because the admission of those statements at trial cannot be deemed harmless error (*see generally Crimmins*, 36 NY2d at 237), we hold the case, reserve decision and remit the matter to Supreme Court to reopen the *Huntley* hearing with respect to those recorded statements (*see People v Stroman*, 280 AD2d 887, 887).

Entered:  November 10, 2016                    Frances E. Cafarell
                                               Clerk of the Court