Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered June 13, 2013. The judgment convicted defendant, upon a jury verdict, of attempted assault in the first degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]). We reject defendant’s contention that County Court erred in denying his challenge for cause to a prospective juror on the ground that, in response to questioning by defense counsel, the prospective juror said that he would “certainly try” to be fair and impartial. Contrary to defendant’s contention, the word “try” is not a talismanic word that automatically rendered equivocal the prospective juror’s assertion that he could be fair (see People v Rivera, 33 AD3d 303, 305 [1st Dept 2006], affd 9 NY3d 904 [2007]; People v Shulman, 6 NY3d 1, 28 [2005], cert denied 547 US 1043 [2006]). We further note that the prospective juror also made two unqualified statements that he could be fair and impartial (see People v Fowler-Graham, 124 AD3d 1403, 1403-1404 [4th Dept 2015], lv denied 25 NY3d 1072 [2015]).
 

 After several jurors had been sworn and seated, but before jury selection was completed, a sworn juror indicated that he had failed to mention potentially relevant information when he was questioned prior to being sworn. We reject defendant’s contention that the court erred in denying defense counsel’s challenge for cause to the sworn juror “based upon a ground not known to the challenging party” before the juror was sworn (CPL 270.15 [4]). Defendant waived his further contention that the court thereafter erred in granting defense counsel’s peremptory challenge with respect to that sworn juror inasmuch as defendant requested that the court perform the very act that he now contends was error (see generally People v Richardson, 88 NY2d 1049, 1051 [1996]; People v Rush, 148 AD3d 1601, 1604 [4th Dept 2017], lv granted 29 NY3d 1133 [2017]).
 

 Although we agree with defendant that the prosecutor engaged in misconduct by improperly eliciting prejudicial testimony about defendant’s nickname, “Diablo,” for purposes other than identification from witnesses who knew defendant by his real name (see People v Tolliver, 93 AD3d 1150, 1150-1151 [4th Dept 2012], lv denied 19 NY3d 968 [2012]), we conclude that such conduct was not so egregious as to deny defendant a fair trial (see generally People v Chatman, 281 AD2d 964, 966 [4th Dept 2001], lv denied 96 NY2d 899 [2001]). The remaining instances of prosecutorial misconduct alleged by defendant are not preserved for our review (see CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We also reject defendant’s contention that defense counsel’s failure to object to those alleged instances of prosecutorial misconduct constitutes ineffective assistance of counsel (see generally People v Rickard, 26 AD3d 800, 801 [4th Dept 2006], lv denied 7 NY3d 762 [2006]). We further reject defendant’s contention that he was otherwise denied effective assistance of counsel. Defense counsel, inter alia, vigorously cross-examined witnesses, made a specific and competent midtrial motion for a trial order of dismissal, called several witnesses for the defense, and renewed the motion for a trial order of dismissal following the close of defendant’s proof. Thus, we conclude that “the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that [defense counsel] provided meaningful representation” (People v Baldi, 54 NY2d 137, 147 [1981]).
 

 Contrary to defendant’s further contention, we conclude that the court did not err in refusing to repeat the instruction on justification after providing the instruction for each count of the indictment. A court need not instruct justification seriatim where, as here, “the court’s charge was a correct statement of the law when viewed in its entirety . . . and adequately conveyed to the jury the correct principles of law to be applied to the case” (People v Bolling, 24 AD3d 1195, 1197 [4th Dept 2005] [internal quotation marks omitted], affd 7 NY3d 874 [2006]). We reject defendant’s contention that the sentence is unduly harsh and severe.
 

 Finally, we have reviewed defendant’s remaining contention and conclude that it is without merit.
 

 Present—Whalen, P.J., Centra, DeJoseph, NeMoyer and Winslow, JJ.