People v Mitchell (2019 NY Slip Op 01917)





People v Mitchell


2019 NY Slip Op 01917


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND CURRAN, JJ.


223 KA 14-00670

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MILES S. MITCHELL, DEFENDANT-APPELLANT. 






BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered October 29, 2013. The appeal was held by this Court by order entered November 10, 2016, decision was reserved and the matter was remitted to Supreme Court, Monroe County, for further proceedings (144 AD3d 1598). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of murder in the second degree (Penal Law § 125.25 [1], [3]) and one count of attempted robbery in the first degree (§§ 110.00, 160.15 [4]). We previously held this case, reserved decision, and remitted the matter to Supreme Court to reopen the Huntley hearing with respect to recorded statements that defendant made to an agent of the police (People v Mitchell, 144 AD3d 1598, 1600 [4th Dept 2016]). Upon remittal, the court held the hearing and concluded that defendant's statements should not be suppressed, and we now affirm. The statements in question were made by defendant to the mother of his children while they were riding in her vehicle after she agreed to allow the police to place recording devices in her vehicle. Defendant requested that the witness give him a ride, and defendant was in the vehicle less than 10 minutes, during which there was a conversation between defendant and the witness. The testimony at the suppression hearing and the recording support the court's determination "that a reasonable person in defendant's position, innocent of any crime, would not have believed that he or she was in custody, and thus Miranda warnings were not required' " (People v Leta, 151 AD3d 1761, 1762 [4th Dept 2017], lv denied 30 NY3d 981 [2017]; see People v Clark, 136 AD3d 1367, 1368 [4th Dept 2016], lv denied 27 NY3d 1130 [2016]). In addition, considering the totality of the circumstances, we agree with the court's further determination that defendant's statements were voluntarily made (see generally People v Huff, 133 AD3d 1223, 1225 [4th Dept 2015], lv denied 27 NY3d 999 [2016]; People v Alexander, 51 AD3d 1380, 1381 [4th Dept 2008], lv denied 11 NY3d 733 [2008]). The witness made no threats, promises, or exertions of improper influence to elicit defendant's statements (see People v Taplin, 1 AD3d 1044, 1045 [4th Dept 2003], lv denied 1 NY3d 635 [2004]; People v Lussier, 298 AD2d 763, 764 [3d Dept 2002], lv denied 99 NY2d 630 [2003]; People v Keene, 148 AD2d 977, 978 [4th Dept 1989]).
Defendant's sentence is not unduly harsh or severe.
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court