■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL LASALLE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Felig, J.), rendered July 25, 1980, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, after a nonjury trial, and imposing sentence.

Judgment affirmed.

We find, contrary to defendant's claim, that acting through his attorney, defendant moved to withdraw his plea of guilty to the crime of manslaughter in the first degree. The court did not act *sua sponte* (cf. *People v Matthews,* 71 AD2d 864; *People v Ford,* 65 AD2d 822). In addition, the trial court, sitting without a jury, did not misapply the affirmative defense of extreme emotional disturbance (Penal Law, § 125.25, subd 1, par [a]) by employing the narrower "heat of passion" doctrine (see *People v Casassa,* 49 NY2d 668, 679, cert den 449 US 842). Indeed, the court never mentioned that doctrine in its oral decision nor did it refer to the immediacy or spontaneity of defendant's acts, a requirement of the traditional heat of passion defense (*People v Patterson,* 39 NY2d 288, 303, affd *sub nom. Patterson v New York,* 432 US 197). Rather, the court found that although defendant had been exposed to stress, the circumstances were "not that extreme * * * or so overbearing that the defendant lost control of his ability to exercise the restraint that he should have exercised." The court then determined, in light of the circumstances, that the killing had been an intentional one unexcused by circumstances sufficient to mitigate culpability

from murder in the second degree to manslaughter in the first degree. Our review of the record does not mandate a contrary conclusion. Mangano, J. P., Gibbons, O'Connor and Lawrence, JJ., concur.