■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD T. HOARD, Appellant.—Mahoney, P. J. Appeals (1) from a judgment of the County Court of Saratoga County (Brown, J.), rendered October 3, 1983, upon a verdict convicting defendant of the crime of rape in the first degree, and (2) by permission, from an order of said court, entered September 27, 1984, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of rape in the first degree, without a hearing.

Defendant was indicted and charged with first degree rape based on an incident wherein he admittedly had sexual intercourse with a woman who was employed as a bartender at a bar in the City of Saratoga Springs. Defendant entered the bar at about 11:30 P.M. on May 10, 1983 and, during the next few hours, conversed with the victim. At about 2:30 A.M., the victim and defendant were alone in the bar. They ultimately went into a back room and engaged in sexual intercourse until they were interrupted by the victim's boyfriend, the owner of the bar. The victim testified that defendant threatened her by holding a sharp object against her neck and forced her into the back room where he raped her. When the victim's boyfriend entered the room, the victim called the police while her boyfriend restrained defendant. The police promptly arrived and, while searching defendant, found an opened pen knife in a rear pocket of defendant's pants. Defendant testified that the act of sexual intercourse was completely consensual and that the victim did not protest until she saw her boyfriend come into the back room. The jury found defendant guilty as charged and he was sentenced as a predicate felon to an indeterminate prison term of 10 to 20 years. Defendant took an appeal and also moved, pursuant to CPL 440.10, to vacate the judgment of conviction. The motion was denied and permission to appeal therefrom was granted by this court.

Defendant raises several issues on the direct appeal, only one of which requires discussion. Defendant contends that the prosecutor made improper comments during summation which deprived him of a fair trial. During the trial, defen-

dant's testimony on several crucial issues was contrary to that of the victim and two police officers. During summation, on several occasions, the Assistant District Attorney characterized defendant's testimony as calling the victim and the police officers liars. We note that the Assistant District Attorney used this same tactic while cross-examining defendant. These remarks were clearly improper (see, People v Alston, 77 AD2d 906; People v Diaz, 73 AD2d 604; People v Lopez, 67 AD2d 624, lv denied 46 NY2d 919, cert denied 444 US 827) and cannot be justified as any sort of fair response to comments made by the defense. However, these comments were not objected to and, therefore, the issue has not been preserved for review. Further, the errors do not amount to the sort of misconduct which would warrant reversal as a matter of discretion in the interest of justice (CPL 470.15 [6] [a]). We have considered the remaining issues raised on the direct appeal and find them without merit.

Defendant moved to vacate the judgment of conviction on the ground that one of his witnesses had been unavailable for trial. For new evidence to warrant vacatur of the judgment, or even a hearing on the CPL 440.10 motion, it must be "of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 440.10 [1] [g]). Further, the evidence may not be merely cumulative to evidence introduced at the trial (People v Wagner, 51 AD2d 186, 188). Here, the only indication of the evidence which the witness would provide is the statement in his affidavit that he saw the victim display provocative conduct toward defendant. Considering the fact that it is conceded that this witness left the bar some three hours before the incident occurred, this conclusory allegation hardly creates a question of fact. Thus, the trial court properly denied the motion without a hearing.

Judgment and order affirmed. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.