■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JAMES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Potoker, J.), rendered April 16, 1982, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal use of a firearm in the second degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

By failing to object to any aspect of the court's charge on the affirmative defense of extreme emotional disturbance, the defendant has not preserved for our review any issue of law with respect thereto (see, CPL 470.05 [2]; People v Malave, 114 AD2d 376). In any event, the charge given to the jury was proper (see, People v Patterson, 39 NY2d 288, affd 432 US 197). As to the defendant's additional contention that he established this defense at trial, thereby requiring that the guilty verdict be reduced from murder in the second degree to manslaughter in the first degree, we find that the determination of this question was properly left for the jury and see no reason to disturb its conclusion (see, People v Tabarez, 113 AD2d 461, 466; People v Lasalle, 105 AD2d 756). Nor was the defendant deprived of a fair trial by virtue of the prosecutor's conduct or certain remarks he made during his opening

statement and summation. Most of the claimed improprieties have not been preserved for review as a matter of law *(see,* CPL 470.05 [2]; *People v Hoard,* 114 AD2d 644), and in any event, any errors were cured by the court's prompt curative instructions *(see, People v Irby,* 112 AD2d 447).

Finally, although, under the circumstances of this case, the People's expert medical witness should not have been permitted to testify that, in his opinion, the victim's death was "homicidal", no objection was raised with respect to this statement, and as there was overwhelming evidence from which to find the defendant guilty beyond a reasonable doubt, a new trial is not warranted in the interest of justice *(see, People v Robbins,* 278 App Div 592, *affd* 302 NY 885; *cf. People v Creasy,* 236 NY 205, 222). Bracken, J. P., Brown, Niehoff and Eiber, JJ., concur.