■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SORENTINO, Appellant.—Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered January 7, 1991, convicting defendant, after a jury trial, of conspiracy in the fifth degree, and sentencing him to 70 hours of community service and 3 years of probation, unanimously affirmed.

Defendant was convicted of facilitating a bribe between a private contractor, who was using nonunion employees, and an official of the carpenters' union, using one Louis Moscatiello as an intermediary. Moscatiello was then a target of several investigations and his telephone conversations were being recorded electronically pursuant to an electronic surveillance warrant. In one such telephone conversation with Moscatiello, defendant offered a union official $3,000 in exchange for labor peace. Within minutes, Moscatiello telephoned the labor official, but unbeknownst to him and defendant, the labor official was acting as an informant in the investigation. Defendant communicated to Moscatiello the location of the job site, which Moscatiello then communicated to the informant. Subsequently, after confirming that the informant labor official had stayed away from the job site, Moscatiello handed him $1,000. Construction continued at the job site for several months with no union labor intervention.

There is no merit to defendant's argument that there was insufficient evidence of overt acts connecting him to the conspiracy charge. The timing of defendant's phone call to Moscatiello and of Moscatiello's phone call to the informant, coupled with Moscatiello's payment of $1,000 to the informant viewed in a light most favorable to the People *(People v*

*Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932; *People v Kennedy,* 47 NY2d 196, 203), provides a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury" *(People v Bleakley,* 69 NY2d 490, 495). Nor is there merit to defendant's argument that the trial court improperly restricted voir dire.

The trial court has broad discretion to control the scope of the voir dire *(People v Boulware,* 29 NY2d 135, 140, *mot to amend remittitur denied* 29 NY2d 670, *cert denied* 405 US 995) and we find the court to have technically complied with CPL 270.15 (1).

Finally, the grants of successive extensions of the requirement to give notice subsequent to termination of the warrant under CPL 700.50 were properly based upon a showing of sufficient exigency. Concur—Milonas, J. P., Rosenberger, Kupferman, Ross and Smith, JJ.