■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN POOLE, Appellant. [717 NYS2d 39] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered July 31, 1996, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life and a $5,000 fine, unanimously affirmed.

The plea allocution of defendant's nontestifying accomplice was properly received in evidence (*People v Thomas*, 68 NY2d 194, *cert denied* 480 US 948). As the court instructed the jury, the allocution was received solely to establish this accomplice's own participation in the crime, a matter placed in issue by defendant. Nothing in the allocution was contrived as a device to implicate defendant, and the plea court's use, in establishing the factual basis of the accomplice's plea, of the statutory language that a "participant" caused the death of the victim did not, in context, imply that defendant was such participant (*compare, People v Blades*, 93 NY2d 166, 174-175). The accomplice's admission of his own participation was clearly against his penal interest, and the fact that the accomplice had entered into a cooperation agreement, ultimately unfulfilled, did not render his plea allocution any less reliable, as proof of his *own* guilt, than any other allocution made in connection with a favorable plea bargain (*compare, People v Thomas, supra*, at 198-199, *with People v Blades, supra*, at 175-176). The allocution's reliability was not undermined by the accomplice's *pro se* motion to take back his guilty plea, since the accomplice had withdrawn that motion prior to the receipt of his plea allocution in evidence at defendant's trial, and since there is no indication that the motion had any merit. Furthermore, the plea allocution was thoroughly corroborated by other evidence admitted at defendant's trial, including the testimony of another accomplice. Concur—Rosenberger, J. P., Wallach, Saxe, Buckley and Friedman, JJ.