■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL COSCIA, Appellant. [719 NYS2d 80] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered January 19, 1999, convicting defendant, after a jury trial, of scheme to defraud in the first degree, insurance fraud in the third and fifth degrees, grand larceny in the third degree and conspiracy in the fifth degree and, sentencing him to concurrent terms of 1 to 3 years and a conditional discharge, unanimously affirmed. The matter is remitted to Supreme Court, New York County for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the People (*People v Norman*, 85 NY2d 609, 621-622; *People v Steinberg*, 79 NY2d 673), the evidence was sufficient to establish defendant's guilt. Defendant's pattern of conduct, viewed as a whole, had no reasonable explanation other than guilt, and the evidence amply established numerous overt acts in furtherance of the conspiracy, some directly undertaken by defendant and others which are properly imputed to him (*see, People v Sorentino*, 182 AD2d 418, *lv denied* 80 NY2d 838).

The redacted plea allocution of a co-conspirator was properly admitted for the limited purpose of establishing the existence of a conspiracy (*see, People v Thomas*, 68 NY2d 194). After an inquiry during which the declarant, represented by counsel, asserted his privilege against self-incrimination, the court properly determined that the declarant was unavailable. The declarant's plea clearly did not protect him from the reasonable possibility of further State or Federal prosecution. Defendant's claim that the prosecution procured the declarant's

unavailability is unsupported by the record (*cf.*, *People v Scalise*, 70 AD2d 346, 349). The declarant's plea met all the requirements for admissibility as a declaration against penal interest, including the requisite reliability (*see*, *People v Poole*, 277 AD2d 122).

The court properly exercised its discretion in declining to charge the jury in language requested by defendant that would have amounted to unnecessary marshaling of evidence. The court's charge conveyed the proper standards, which were capable of being understood by the jury without marshaling of facts.

We perceive no basis for reduction of sentence.

We have considered and rejected defendant's remaining claims. Concur—Rosenberger, J. P., Andrias, Wallach, Lerner and Buckley, JJ.