■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENIS J. LANGLOIS, Appellant. [792 NYS2d 713]—

Crew III, J. Appeal from a judgment of the County Court of Warren County (Austin, J.), rendered July 18, 2001, upon a verdict convicting defendant of the crimes of murder in the second degree (two counts), manslaughter in the second degree (two counts), arson in the first degree, reckless endangerment in the first degree and arson in the fourth degree (three counts).

On October 7, 2000, a fire erupted at the Embassy Lounge located in the City of Glens Falls, Warren County, which resulted in the total destruction of the building and the deaths of two of its residents. Subsequently, defendant was interrogated by Sergeant Kevin Conine of the Glens Falls Police Department and Investigator Edward Litwa of the Warren County Sheriff's Department and ultimately signed a written statement in which he admitted starting the fire by flicking a lighted cigarette into a box of newspapers on the second floor of the Embassy.

Consequently, defendant was indicted and charged with two counts of depraved indifference murder, two counts of felony murder, arson in the first degree, reckless endangerment in the first degree and three counts of arson in the fourth degree. Following an unsuccessful attempt to suppress his pretrial statements, defendant was convicted of two counts of manslaughter in the second degree, as lesser included offenses of depraved indifference murder, and the remaining counts of the indictment as charged. Defendant thereafter was sentenced to, inter alia, 25 years to life for each of the felony murder charges and now appeals.

Initially, we reject defendant's contention that his pre-arrest interrogation was custodial in nature and thus violative of the dictates of *Miranda v Arizona* (384 US 436 [1966]). While defendant places great emphasis on the fact that seven hours

elapsed before police apprised defendant of his *Miranda* warnings, we need note only that the length of the interrogation, standing alone, is not determinative of the issue of custody (*see People v MacGilfrey*, 288 AD2d 554, 556 [2001], *lv denied* 97 NY2d 757 [2002]). Here, defendant voluntarily accompanied the police officers to the State Police barracks where he was interviewed. Defendant was neither under arrest nor handcuffed, and the interview did not appear to be acrimonious or accusatorial in nature. Indeed, the first 1½ hours of the interview dealt with defendant's background and his complaints as a tenant at the Embassy. Frequent cigarette breaks were taken, as well as interruptions in order that defendant could utilize the restroom. It was not until defendant told the investigators that the fire "was an accident" and that "no one was supposed to die" that defendant was given his *Miranda* warnings, which he promptly acknowledged and waived. Given the totality of the circumstances present at the time of defendant's interrogation, we are of the view that County Court properly admitted defendant's statements into evidence (*see People v Vandunk*, 2 AD3d 1058, 1059 [2003], *lv denied* 3 NY3d 742 [2004]).

Defendant next contends that County Court erred in declining to charge manslaughter in the second degree and criminally negligent homicide as lesser included offenses of the felony murder charges. We disagree. Both of the requested lesser included offenses require a specific mens rea, whereas felony murder is a strict liability offense requiring no mens rea (*see People v Curry*, 294 AD2d 608, 609 [2002], *lv denied* 98 NY2d 674 [2002]). Therefore, it is not theoretically impossible to commit felony murder without also committing the lesser offenses requested by defendant to be charged to the jury, and County Court quite properly refused to so charge.

More problematical is defendant's assertion that County Court erred in one of its evidentiary rulings. Over counsel's objection, a forensic pathologist was permitted to testify that, based upon her examination of defendant's statement to law enforcement officials, she was of the view that the death of one of the victims constituted homicide. Thus, County Court permitted the expert to express her opinion on the ultimate issue in this case, which repeatedly has been held to be error (*see e.g. People v Eberle*, 265 AD2d 881, 882 [1999]). However, where, as here, the evidence of defendant's guilt is overwhelming, the error is deemed to be harmless (*see People v James*, 123 AD2d 644, 645 [1986], *lv denied* 69 NY2d 1005 [1987]). We have examined defendant's remaining contentions and find them to be equally unavailing.

Cardona, P.J., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.