■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT L. PERRY, Appellant. [817 NYS2d 758]—

Peters, J. Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered January 7, 2004, upon a verdict convicting defendant of the crime of attempted aggravated assault on a peace officer.

As a result of an incident at the Delaware County jail where defendant was incarcerated, he was charged with attempted aggravated assault on a peace officer. At his April 2003 arraignment, defendant advised County Court that he wished to be represented by a particular attorney. County Court found defendant eligible for assigned counsel, but assigned an attorney different from the one he requested. At a later continuation of the arraignment, defendant appeared with assigned counsel and planned to enter a guilty plea to obtain an agreed-upon sentence. When the plea allocution was not successful, defendant asserted his right to trial. Before the next scheduled appearance in November 2003, defendant discharged his assigned attorney and retained the attorney he originally requested. County Court advised counsel that the matter would be tried in January 2004. In December 2003, defense counsel moved for an order permitting the service of a late notice of intent to present psychiatric evidence, an adjournment of the trial to enable counsel to have a reasonable opportunity to prepare, and an order directing the Probation Department to file an updated preplea investigation. County Court denied the requested relief and, following a jury trial, defendant was convicted as charged and sentenced to a term of imprisonment of five years, with five years of postrelease supervision. He appeals.

Defendant's first contention, challenging the legal sufficiency of the evidence, was not preserved by an appropriate motion* and, therefore, it will not be reviewed (*see People v Amato*, 1 AD3d 713, 714 [2003], *lv denied* 1 NY3d 594 [2004]; *People v Ray*, 273 AD2d 611, 612 [2000]). Had we addressed the claim, we would have found it without merit.

Addressing next County Court's denial of defendant's motion

---

* While counsel did make a motion to dismiss, legal insufficiency was not asserted.

to file a late notice of intent to present psychiatric evidence, we agree with County Court that defendant neither complied with CPL 250.10 nor demonstrated good cause for his failure to serve a timely notice. Defendant's own affidavit, offered in support of his motion, confirmed that the subject of a psychiatric defense was previously discussed with assigned counsel and they made a strategic decision not to utilize that defense. This alone established a lack of good cause, sufficient to deny the instant motion (*see People v Brown*, 4 AD3d 886, 888 [2004], *lv denied* 3 NY3d 637 [2004]; *People v Yates*, 290 AD2d 888, 890-891 [2002]).

Nor do we find error when the prosecution was permitted to cross-examine defendant about his alleged assault upon his mother. At trial, defendant confirmed that he was involved in the altercation but that he did not wish to harm anyone and that he is "not a belligerent or violent person." Upon that basis, County Court permitted cross-examination concerning the details of the charge, which included cutting his mother's lifeline and slapping her. As the questioning was conducted in good faith, grounded upon a reasonable basis in fact, there was no error (*see People v Daley*, 9 AD3d 601, 602 [2004]).

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.