■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS R. HANIFIN, Appellant. [910 NYS2d 212]—

McCarthy, J. Appeal from a judgment of the County Court of Broome County (Cawley, Jr., J.), rendered February 19, 2009, upon a verdict convicting defendant of the crime of falsely reporting an incident in the second degree.

Defendant parked his car in the middle of Main Street in the Town of Union, Broome County, in front of a business that, among other things, manufactures engine control systems for military purposes. He climbed on top of his car, poured a

substance from a gasoline can onto his head, called 911 and threatened to light himself on fire if the war in Iraq did not end by a certain time that day. Emergency personnel from numerous agencies responded. Eventually, the responders doused defendant with a fire hose, took him into custody and determined that the gasoline cans contained water. Following a trial, defendant was convicted of falsely reporting an incident in the second degree and County Court sentenced him to five years of probation. He now appeals.

The evidence was legally sufficient and the verdict was not against the weight of the evidence.* "A person is guilty of falsely reporting an incident in the second degree when, knowing the information reported . . . to be false or baseless, he or she . . . [r]eports, by word or action, to any official or quasi-official agency or organization having the function of dealing with emergencies involving danger to life or property, an alleged occurrence or impending occurrence of a fire . . . which did not in fact occur or does not in fact exist" (Penal Law § 240.55 [2]). Testimony and a recording of the 911 call showed that defendant called an emergency services agency and reported that he had gasoline and was going to set himself on fire. An arson investigator and several police officers testified that the liquid in the gasoline cans was water. This evidence was legally sufficient to establish that defendant falsely reported an impending fire. Although the liquid was never chemically tested to verify its composition, the jury could rely on the testimony of trained individuals who observed the liquid to determine that it was water rather than gasoline. Defendant contends that he was conducting a protest, but his 1st Amendment rights do not permit him to falsely report an impending fire (see *Schenck v United States*, 249 US 47, 52 [1919]). While the jury could have believed that defendant truly intended to light himself on fire to protest the war, it was much more reasonable—considering that he poured water on himself—to conclude that he merely intended to make a scene and create publicity for his viewpoint. Thus, the weight of the evidence supports the jury's verdict that he falsely reported an impending fire knowing that no fire would occur.

County Court did not abuse its discretion in denying defendant's application to file a late notice of intent to submit psychiatric evidence. Such notice must be filed by a defendant within

---

* While defendant attempts to challenge the weight of the evidence by relying on information contained in the presentence investigation report concerning his mental health status, we may only rely on proof admitted at trial when conducting a review of the evidence.

30 days after his or her plea of not guilty (*see* CPL 250.10 [2]), but defendant filed his notice more than six months after his initial plea. The trial court may, in its sound discretion, allow notice to be filed at a later time "[i]n the interest of justice and for good cause shown" (CPL 250.10 [2]; *see People v Berk*, 88 NY2d 257, 265-266 [1996]; *People v Bourne*, 46 AD3d 1101, 1103 [2007], *lv denied* 10 NY3d 762 [2008]). The notice, which did not identify defendant's mental condition but merely stated that he was being treated by a psychiatrist, was inadequate because it did not "contain enough information to enable the prosecution and the court to discern the general nature of the alleged psychiatric malady and its relationship to a particular, proffered defense" (*People v Almonor*, 93 NY2d 571, 581 [1999]). Defendant's only excuse for the delay in notification was that the attorney assigned to his case within the Public Defender's office had changed. Counsel was aware of defendant's psychiatric problems from the beginning, as the police initially brought him to a hospital for a mental evaluation and counsel requested a CPL article 730 examination at an early appearance. A change in strategy does not constitute good cause for delay in providing notice of intent to submit psychiatric evidence (*see People v Heath*, 49 AD3d 970, 972 [2008], *lv denied* 10 NY3d 959 [2008]; *People v Perry*, 31 AD3d 814, 816 [2006], *lv denied* 7 NY3d 869 [2006]). Because the notice itself was inadequate and defendant did not provide a sufficient excuse for its untimeliness, the court did not abuse its discretion in denying the motion.

At sentencing, defense counsel stated that five years of probation was "a fair disposition" and defendant noted that he "would be happy with probation." Considering that he had a prior criminal record and could have been sentenced to a term of imprisonment, the sentence imposed was not harsh or excessive.

Cardona, P.J., Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.