■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANN LANDSMAN, Appellant. [940 NYS2d 50]—

Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered August 7, 2007, as amended January 16, 2008, convicting defendant, after a jury trial, of scheme to defraud in the first degree, sentencing her to a conditional discharge for a period of three years, and ordering her to pay $50,000 in restitution, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Defendant's conduct satisfied the elements of scheme to defraud in the first degree (Penal Law § 190.65).

Defendant, a physician's assistant, worked for different hospitals during the same time slots and was paid for each of the simultaneous shifts. The defense, in essence, was that defendant earned the money that she was paid because she provided the required services at each hospital. She asserted that she did so by obtaining her work assignments, having a driver repeatedly drive her the five miles back and forth between hospitals to perform her assigned duties, and responding when paged.

To establish first-degree scheme to defraud, the People were required to prove that defendant either had an "intent to defraud," or an intent "to obtain property . . . by false or fraudulent pretenses, representations or promises," or both (Penal Law § 190.65 [1] [b]; *see also People v Wolf*, 284 AD2d 102, 103 [2001], *mod on other grounds* 98 NY2d 105 [2002]). The evidence established defendant's guilt under either alternative.

Defendant deliberately concealed the fact that she was simultaneously working at more than one hospital, showing that she intended to defraud each hospital. She never requested permission to work overlapping shifts. Defendant nevertheless asserts that even though she kept her unusual schedule secret, she did not defraud the hospitals because she in fact performed the work required by both jobs.

However, by the nature of her duties, this simply was not possible. Defendant acknowledged in her testimony that a physician's assistant is required to be available to treat patients on a moment's notice. Accordingly, she could not be simultaneously treating patients or responding to medical emergencies in two hospitals located five miles apart at the same time. Under these

circumstances, defendant's intent to defraud was "inferable from the overall and protracted pattern of [her] conduct" (*see People v Houghtaling*, 14 AD3d 879, 881 [2005], *lv denied* 4 NY3d 831 [2005]), and her pattern of conduct "had no reasonable explanation other than guilt" (*see People v Coscia*, 279 AD2d 352, 352 [2001]).

Additionally, the evidence established the second alternative prong of scheme to defraud, that defendant intended "to obtain property from more than one person by false or fraudulent pretenses, representations or promises" (Penal Law § 190.65 [1] [b]). First, from her overlapping shifts, she was able to earn an income far in excess of her salary for either single shift, and thus "obtain property." Second, she obtained this property by "false or fraudulent pretenses, representations or promises." Defendant deliberately scheduled herself for simultaneous shifts at two hospitals. Defendant falsely represented to each hospital that she was available and would continuously be present in the respective hospitals to perform her duties at a moment's notice (*see* Penal Law § 155.05 [2] [a] [larceny by, among other things, false pretenses]).

Furthermore, when she knowingly scheduled shifts at two different hospitals, she falsely promised each hospital her undivided presence and attention during her shift (*see* Penal Law § 155.05 [2] [d] [larceny by false promises]). At a minimum, it could be found that she disregarded the truth or falsity of the representations that she made to the hospitals (*see People v Ford*, 88 AD2d 859, 861 [1982]).

Turning to defendant's arguments for a new trial, we find that the court properly exercised its discretion in receiving testimony concerning the quality of the care defendant provided to her patients. This evidence tended to refute defendant's claim that she did not defraud the hospitals or make false promises because she was able to provide the services for which she was paid. Defendant opened the door to this testimony (*see generally People v Massie*, 2 NY3d 179 [2004]), and it was not unduly prejudicial. In addition, there was nothing in the prosecutor's summation or the court's charge that warrants reversal.

The court's restitution order was proper. The People met their burden of proof in establishing that Montefiore Medical Center was entitled to $50,000 in restitution to compensate it for its losses in services not performed by defendant (*see People v Tzitzikalakis*, 8 NY3d 217, 220 [2007]). Concur—Tom, J.P., Andrias, Catterson, Moskowitz and Román, JJ.