Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (R. Doyle, J.), rendered June 17, 2009, convicting her of murder in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that the evidence was legally insufficient to support her conviction of murder in the second degree because the People failed to prove the element of intent to kill is unpreserved for appellate review (see CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable *967 to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt (see People v Pickens, 60 AD3d 699, 701 [2009]; People v Tigner, 51 AD3d 1045 [2008]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant contends that the medical examiner improperly testified that the manner of death was a homicide. However, because the defendant failed to object to this testimony, this contention is unpreserved for appellate review (see CPL 470.05 [2]). In any event, any error in this regard was harmless because there was overwhelming evidence of the defendant’s guilt and no significant probability that the error contributed to the defendant’s conviction (see People v Crimmins, 36 NY2d 230, 242 [1975]; People v Heath, 49 AD3d 970, 973 [2008]; People v James, 123 AD2d 644, 645 [1986]).
During the course of cross-examination of the defendant, the prosecutor improperly introduced extrinsic evidence of a prior bad act to impeach her credibility (see People v Schwartzman, 24 NY2d 241, 244 [1969], cert denied 396 US 846 [1969]). However, because there was overwhelming evidence of the defendant’s guilt and no significant probability that the error contributed to the defendant’s conviction, that error also was harmless (see People v Crimmins, 36 NY2d at 242).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 83 [1982]).
The defendant’s remaining contentions are without merit. Austin, J.E, Sgroi, Cohen and Hinds-Radix, JJ., concur.