■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAD JOHNSON, Appellant. [999 NYS2d 517]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered January 17, 2012, convicting him of murder in the second degree, patronizing a prostitute in the third degree, and aggravated unlicensed operation of a motor vehicle in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict on the murder count was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the medical examiner who performed the autopsy of the victim should not have been permitted to testify that the victim's death was a homicide is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Odell*, 26 AD3d 527, 529 [2006]). In any event, any error was harmless because there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to his convictions (*see People v Scruggs*, 111 AD3d 966, 967 [2013]; *People v Heath*, 49 AD3d 970, 973 [2008]; *People v James*, 123 AD2d 644, 645 [1986]).

The defendant's challenge to certain remarks made by the prosecutor during summation is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, to the extent that some of the comments were improper, they were harmless, since the evidence of the defendant's guilt was overwhelming and there is no significant probability that the errors might have

contributed to his convictions (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Barcero*, 116 AD3d 1060, 1061 [2014]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Chambers, J.P., Miller, Duffy and LaSalle, JJ., concur.